**PETIT vs. HIS CREDITORS.**

*Nathaniel Offutt, opposing creditor and appellant, vs. Fouillade & Estorge, creditors and appellees.*

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

Where creditors accept a conveyance of the property of their debtor to secure the payment of a debt to them, by public act *a vente à remeré, and reconvey it,* for a sum sufficient to cover their debt, and allow a credit; they thereby become privileged and mortgaged creditors of the insolvent, to the amount of such sale.

An action to set aside a contract between a debtor and his creditor, made when the former was in insolvent circumstances to the knowledge of the creditor, and by which a preference is given to one creditor over another, must be commenced within a year after the making such contract.

A creditor may institute suit within one year after having obtained judgment against his debtor to set aside a fraudulent sale or disposition of his property, to the prejudice of his creditors; but such suit must have reference to fraudulent acts of a debtor, which indicate something more than a bare preference to one of his creditors.

On the 23d of December, 1829, Antoine Petit presented his petition and schedule, and prayed for the benefit of the insolvent laws. Fouillade and Estorge were placed on the *bilan* as special mortgage creditors, for four hundred and twenty-eight dollars, and Nathaniel Offutt, as a judgment creditor, for five hundred and forty-two dollars and sixty-five cents, with a general mortgage from 21st of December, 1829.

On the 22d of May, 1830, Offutt presented his petition of intervention and opposition to the privileged claim of Fouillade & Estorge, which was refused by the district judge, and the refusal noted on the record or minutes of the court. But on the 16th November, 1830, following, being again presented, it was received by the court.

The petition alleges that the privilege claim of Fouillade & Estorge is fraudulent, being obtained through fraud and collusion between them and Petit, the ceding debtor. It seems that, on the 21st of November, 1828, Petit made a sale, *(vente à remeré,)* to Fouillade & Estorge of a certain tract of land

and a negro woman to secure their claim against him for four hundred and twenty-eight dollars. The consideration of the sale expressed on its face to be eight hundred dollars, in cash—the property remaining in possession of the debtor. He had three years allowed him to redeem it in.

On the second of November, 1829, Fouillade & Estorge reconveyed the same property to Petit for four hundred and twenty-eight dollars, payable in one and two years, the vendors retaining a mortgage until complete payment.

Fouillade & Estorge denied all fraud in the foregoing sales, and claimed to be *bona fide* creditors and *mortgagees* of the property named in said sales. They further pleaded prescription; that the sales of the 21st of November, 1828, and second of November, 1829, could not be attacked as fraudulent, after the lapse of more than a year, before filing the allegation and petition. There was judgment in their favor, and Offutt appealed.

*Garland*, for appellant.

The sale from Petit to Fouillade & Estorge, in November, 1828, is not good either as a mortgage or a *vente à remeré*. because it does not acknowledge that Petit owed them any thing. He did not promise to pay them any thing, or to secure them against any obligation in his favor, or to secure any debt; and because no price or sum was paid as is alleged. *Louisiana Code, arts.* 3245–6, 3251–2, 7, 3277, 2439, *and* 2527–8.

2. It is not good as a *vente à remeré*, because there was no delivery of the land and slave, which formed the alleged consideration. *Louisiana Code,* 2452—4, 5, 6, 7.

3. If the act of 1828 gave Fouillade & Estorge any rights or privileges, they novated them by taking the mortgage in November, 1829. It changed the character of the debt. In fact, extinguished it. *Louisiana Code,* 2126.

4. The act of 1828, if intended to confer any privilege or preference to Fouillade & Estorge, over other creditors, was fraudulent, being made when Petit was in insolvent circumstances. *Louisiana Code,* 1979:

WESTERN DIST.
September, 1831.

PETIT
*vs.*
HIS CREDITORS.

*Lewis* and *Simon*, for appellees, made the following points:

1. Nathaniel Offutt was not a creditor of Petit at the date of the first sale to Fouillade & Estorge by Petit, in 1828, and, consequently has no right to complain of that act, or to take advantage of it. 5 *Martin, N. S.* 96.

2. The sales to Fouillade & Estorge by Petit, and by them to Petit, were duly recorded and operate due notice to third persons. 8 *Martin, N. S.* 136, 140.

3. The appellant's right of action, if any he ever had, is barred by the prescription of one year. *Louisiana Code,* 1982.

*Mathews, J.* delivered the opinion of the court.

In this case the appellant complains of the judgment of the inferior court, in consequence of the appellees having been placed thereby on the *bilan* or tableau of distribution of the insolvent's estate as mortgagee, and privileged creditors on the proceeds of sale of a certain tract of land and a negro woman, which they allege was sold by them to said insolvent; and on which they claim the privilege of vendors.

A brief statement of the facts necessarily to be noticed in the decision of the cause is as follows: The ceding debtor owed to the appellees a certain sum of money, and, to secure them in the payment, executed before a notary public a *vente à remeré* of the above property, on the 21st of November, 1828, which they resold to him about a year afterwards, on certain terms of credit, for an amount sufficient to cover the original debt, with conventional interest thereon, which had been owing to them by the insolvent. In November, 1829, the appellant obtained a judgment against Petit, previous to his *cessio bonorum*, which took place in January, 1830, and was placed on the *bilan* of the latter as a creditor for the amount of the judgment thus obtained.

From this statement of facts, one question alone arises; and that is, to ascertain whether or no the vendors in the *vente à remeré*, acquired a legal title to the property sold under that act, defeasible only by subsequent acts of the parties to the

Where creditors accept a conveyance of the property of their debtor to secure the payment of a debt to them, by public act *a vente à remeré*, and reconvey it, for a sum sufficient to cover their debt, and allow a credit; they, thereby become privileged & mortgaged creditors of the insolvent, to the amount of such sale.

contract. For, if they did, in the resale to Petit they acquired the tacit mortgage of vendors on the property reconveyed.

The question, thus proposed, may be settled in a few words by an application of our law relative to insolvency, as found in the *Louisiana Code*, art. 1982, on the subject of conventional obligations: "No contract made between the debtor and one of his creditors, for the purpose of securing a just debt, shall be set aside, &c.; although the debtor were insolvent to the knowledge of the creditor with whom he contracted; and although the other creditors are injured thereby, if such contract were made more than one year before bringing the suit to avoid it; and if it contain no other cause of nullity than the preference given to one creditor over another."

It does not appear, by the evidence in this case, that any attempt was made to set aside the contract entered into between the debtor and the appellees, who now claim a privilege resulting from it within the year prescribed by law. It is true that, by the article 1989, a creditor is allowed one year, after having obtained judgment against the debtor, to institute proceedings to annul fraudulent dispositions, made by the latter, of his property to the prejudice of his creditors. But to give effect to both those articles, the latter must be considered as having reference to fraudulent acts of a debtor, which indicates something more than a bare preference accorded to one of his creditors.

We do not discover any error in the judgment of the District Court: And it is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.