Judgment reversed and a <em>venire de novo</em> awarded.

---

[PHILADELPHIA, FEBRUARY 21, 1834.]

## PATTON against RYAN.

IN ERROR.

Where a plaintiff makes an entry of goods sold upon a card, with pen and ink, and the same evening or the next day transcribes the entries into a book, the book is to be considered as the book of original entries of the plaintiff, and may be read in evidence to the jury, and the material on which the entry was first written, or its size and shape, are indifferent.

THIS was a writ of error to the Court of Common Pleas of *Philadelphia* County.

From the record it appeared, that *Mary Ann Ryan*, the plaintiff below, instituted this suit against *William Patton*, the defendant below, to recover the sum of fifty-four dollars, for goods sold and delivered. The cause was tried in the Common Pleas of *Philadelphia* County, on the twenty-fifth of *September*, 1833, and a verdict rendered in favour of the plaintiff. On the trial the plaintiff produced a book in her hand-writing, purporting to be a *book of original entries*, and upon being sworn to make true answers, testified as follows:—
" I made the entries against Mr. *Patton* first upon a card, the size of a spelling book. I afterwards copied them into this book, either the same evening, or next day, or as soon after as I conveniently could. After I copied the entries, I destroyed the card." The book was then offered in evidence, to which the counsel for the defendant objected, but the court overruled the objection, and permitted the

(Patton *v.* Ryan.)

entries in the book to be read in evidence to the jury. A bill of exceptions was then sealed by the judge, and the error assigned was—

1. That the court below erred in permitting said book to be given in evidence to the jury, it not being a book of original entries.

*J. W. Ashmead,* for the plaintiff in error.—The only exception taken to the proceedings below is, that the court erred in permitting the book of the plaintiff, under the circumstances, to go to the jury, as the book of original entries of the plaintiff. The card upon which the entries were first written, could only be viewed as the original entries of the plaintiff, and the book read to the jury was neither more nor less than a transcript from the card. The entry was, however, made with pen and ink, and is, on that account, a much stronger case, than where it was first made with a pencil, either upon a slate or a fugitive piece of paper; because, in the latter instance, the very circumstance of a party making his first entry with a lead pencil, or upon a slate, shows of itself an intention not to trust to it as the evidence of the transaction. It is clearly otherwise in the case of an entry made with ink, inasmuch as such a memorandum is not easily liable to be effaced, and is just as permanent in its character, as the entry transcribed into the book. But three cases are to be found in the *Pennsylvania* reports, applicable to the question before the court. The first is *Ogden* v. *Miller's executors,* 1 *Browne's Rep.* 147, in which Judge Rush determined, that entries copied from a slate were not the original entries of a party, and could not be read to the jury. This determination has been no where expressly overruled. It is true, that what is said by Judge Rodgers, in the case of *Kessler* v. *M'Conachy,* 1 *Rawle,* 441, implies a doubt whether entries copied from a slate might not be sufficient; but it by no means determines that the law is so. His language is, "that if *M'Conachy* had made the entries (on a slate,) and had afterwards copied them in the book, it *might* have been deemed sufficient." The learned judge, who delivered the opinion of the court, is exceedingly guarded in his language, and avoids saying that such would be the result; but with great caution observes, that it *might* be "*deemed* sufficient." The case of *Ingraham* v. *Bockius,* 9 *Serg. & Rawle,* 285, is the only remaining case applicable to the point, and it differs materially from the one now before the court; for in that case the plaintiff made but one entry, and that in the book, while in this, the entry was first made upon a card, and subsequently transcribed into the book. The circumstance of the servant of the plaintiff making a memorandum of the quantity of meat furnished each customer, in order that he might inform his employer on his return, is of no importance, inasmuch as it was not an entry made by the plaintiff. Besides, it is worthy of remark, that Chief Justice Gibson, in delivering the opinion of the court in *Ingraham* v. *Bockius,* lays great stress on the fact, that the plaintiff never directed the entry to be made by his servant. It is, besides, important to notice, what cannot have escaped attention,

(Patton *v.* Ryan.)

that this court has declared, over and over again, that the principles applicable to the admission of books of original entries, ought not to be extended. To sustain then the views of the court below, the doctrine on this subject must be extended further than it has ever yet gone, and to an extent so great as to endanger the security of the community; for, upon principle, no man ought to be permitted to make an entry upon a card with pen and ink, and then deliberately destroy it, and seek to give the mere copy or transcript of the entry in evidence, as a book of original entries, with the view of subjecting his neighbour to a liability.

*Hazlehurst* and *D. P. Brown,* for the defendant in error.—The question which arises is exclusively one of evidence, and may be readily determined. It is, in fact, whether the book received in evidence by the court below, was or was not the book of original entries of the plaintiff in the cause. Whether the entry was an original one is entirely a question of intention, and dependent upon the particular circumstances of the case. The very fact that the plaintiff below made her first entry upon a card, and copied it into her book the *same evening or the next day, shows of itself an* intention not to consider it as the regular and proper entry. The plaintiff could, unquestionably, make her first entry in the book, without having placed it upon the card at all, and her book would then be undoubted evidence. If this be so, why should the circumstance of a party making, *at the time of an* occurrence, a memorandum to prevent mistake in the entry, operate against it, if properly made? Be the principle what it may, authority is express and decided on the point. The case of *Ingraham* v. *Bockius,* 9 *Serg. & Rawle,* 285, is decisive of the case, and settles the question against the views of the plaintiff in error. In addition, the plaintiff below has herself testified to the correctness of the book received in evidence, and her oath ought to have considerable influence on the mind of the court.

PER CURIAM.—The principle of *Ingraham* v. *Bockius* is, that a minute intended, not to be itself the evidence of the sale, but to be used in the preparation of such evidence, is not an original entry within the meaning of the term as it is used in the books. If such be its effect, the material on which it is written, or the size and shape of it, must be indifferent. Here it was made on a card which was superseded by a book into which it was transcribed, and which was destined to be the final means of perpetuating it; for the destruction of the card when the transcript was made, shows that its office was but a temporary one. It would be most unreasonable to preclude a shop-keeper from making the regular, permanent entry in his day-book, because he had taken the precaution to put down the transaction on a fugitive scrap of paper, in order to insure a greater degree of accuracy when the regular entry of it should come to

(Patton *v.* Ryan.)

be made.   Such a rule would be subversive of every thing like fair dealing ; and under the circumstances of the present case, it is clear that the book was properly received.

Judgment affirmed.