STEIN *vs.* GIBBONS AND IRBY.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE SIXTH PRESIDING.

An affidavit for an injunction which states, " that the facts contained in the petition are true," is sufficient, if sufficient facts are set out in the petition itself.

If the debt is in existence *and has accrued*, although it be not due at the time of a judgment obtained or contract made in fraud of creditors, it will authorize the complaining creditor to institute the revocatory action to annul and set aside such contract or judgment.

The attacking creditor, who seeks to annul a judgment or contract made in fraud of creditors, must bring his action within one year from the date *of his* judgment, and not *of that* attacked.

·This suit commenced by an injunction to restrain the sheriff from selling the defendant Gibbons' property, under an execution issued on a judgment obtained against him by one John Irby, which judgment he alleges was procured through fraud and collusion, and with a view, on the part of Irby and Gibbons both, to defraud the plaintiff who is a creditor of the latter. The injunction issued the 8th of August, 1835. There were two notes ; one for fifty-nine dollars and eighty-one cents, dated April 2d, 1835, and the other for seven hundred dollars, endorsed by Josiah French as payee and first endorser, and by plaintiff as second. It was taken up and paid by French ; and bears date 2d of April, 1835, payable twelve months after date. French paid it to the bank and transferred it to the plaintiff. ﹒The date of payment and transfer is not given. It fell due the 2d and 5th of April, 1836. Was put in this suit by an amended petition, filed November, 1836. An amended petition making Irby a party, charging fraud and praying for the annulment of his judgment, had been filed 29th of October, 1835. The agent of the plaintiff made oath that the facts set forth in the original and amended petition, are substantially true. The fraud was fully proved ; and the plaintiff had judgment

WESTERN DIST.
September, 1840.
─────────
STEIN
vs.
GIBBONS AND
IRBY.
against the defendant Gibbons, for seven hundred dollars, with legal interest, from the 10th of November, 1836 ; and fifty-nine dollars, with 10 per cent. per annum, from the 2d of April, 1835 ; and judgment annulling Irby's judgment against Gibbons, on account of fraud and collusion, and decreeing the funds in the hands of the sheriff to be applied to the payment of the plaintiff's debt and judgment.

The defendant Irby, appealed.

*Morse,* for the plaintiff, argued to show that the fraud and collusion was completely shown between Irby and Gibbons, and fully authorized the annulment of Irby's judgment.

2. The injunction was properly obtained. It may be resorted to, in all cases, to stop a fraudulent sale or transfer of a debtor's property by a creditor. 5 *Martin, N. S.,* 501.

3. The plaintiff has fully made out his demand. He was one of the original endorsers on the note of Gibbons, for seven hundred dollars, and had an interest in taking it up. He would have been bound to French the first endorser at all events, and the transfer of the note made it his debt.

*T. H. and W. B. Lewis,* for the defendant, insisted that the plaintiff could not at any rate recover on the note for seven hundred dollars. It did not exist as a debt of the plaintiff at the time suit was originally brought ; nor was the debt shown or proved when he became the owner.

2. The action to annul Irby's judgment is prescribed by one year from the time the judgment was rendered, and the plaintiff must fail in his suit.

*Garland, J.,* delivered the opinion of the court.

The plaintiff commenced this suit by an injunction to stop, in the hands of the sheriff of the parish of St. Martin, an amount which he alleged was owing to him by Gibbons, on a promissory note, and also the amount of a note for seven hundred dollars, drawn by said Gibbons, on which he was an endorser.

It appears that in the year 1834, Gibbons, one of the defendants, being in embarrassed circumstances, wished to

WESTERN DIST.
*September*, 1840.

STEIN
*vs.*
GIBBONS AND
IRBY.

cover his property in such a manner as to defraud his creditors and benefit his wife. To effect his object, he executed to Irby, another defendant, two promissory notes, one dated in June, 1832, for eight hundred dollars, with ten per cent. interest thereon, and the other, for one thousand and two hundred dollars, dated in August, 1834, with interest. In October, 1834, Irby commenced suit on these notes in the District Court of St. Martin, and after some contest with some of Gibbons' creditors, who intervened, obtained a judgment for the whole amount with interest and costs, on the 9th of May, 1835. On this judgment an execution issued, which was levied on all the property of Gibbons. A few days before the sale, the present plaintiff commenced this suit, alleging that he was a creditor of Gibbons on a note for fifty-nine dollars and eighty-one and one-fourth cents, with ten per cent interest thereon, from the 2d of April, 1835, and that he was an endorser on a note for seven hundred dollars, made by Gibbons, discounted by the Union Bank of Louisiana, for his accommodation, which he alleged he was apprehensive he would have to pay, and could not be reimbursed, if the sale was made by the sheriff and the money paid to Irby. Upon the note in bank, there were several endorsers, and the name of Josiah French, Esq., preceded that of the plaintiff; it became due the 2d of April, 1836, was protested for non-payment, *and paid in full by French out of his own funds,* as is expressly stated in the receipt, on the back thereof. When the injunction was first instituted, Irby was not made a party, but at the first term of the court after, he intervened and moved to dissolve it, for various causes, alleging that he was a judgment creditor, &c. The plaintiff thereupon, had leave to amend his petition, which he did by making Irby a party, charged him as being a party to the fraud, and of collusion with Gibbons to defraud his creditors. The allegations in this amended petition are general, and cover the whole ground. To the filing of this amendment, by the plaintiff, Irby objected, but it was overruled, he then answered to the merits, alleging the validity of his judgment, and its fairness.

WESTERN DIST.
September, 1840.

STEIN
vs.
GIBBONS AND
IBBY.

Sometime in the year 1835, previous to the month of November, French paid the note in bank for seven hundred dollars, on which he, plaintiff, and others were endorsers, and then transferred to plaintiff all his right *to it*. Neither the date of the payment or transfer is established by evidence. On the 2d *of* November, 1835, the plaintiff again amended his petition, stating he was the assignee of French, of the note paid by him, reasserted the fraud and collusion between Irby and Gibbons, and claimed the amount of the note should be paid out of the funds in the hands of the sheriff. To this amendment Irby answered, and among other things alleged that this demand was prescribed by the expiration of one year from the time *his judgment* against Gibbons was rendered, and that plaintiff, as assignee of French, had lost all right to recover on the note in this form.

This action is one well known to our law, and rules for its prosecution are laid down in our code. See *Louisiana Code, from articles* 1965 *to* 1989 ; and many cases for the revocation of judgments and contracts, on the ground of fraud, are to be found in the reports of the decisions of this court.

An affidavit for an injunction which states, "that the facts contained in the petition are true," is sufficient, if sufficient facts are set out in the petition itself.

The first objection made by Irby, is that the affidavit annexed to the petition is defective. We have examined it, and think it sufficient. It says, "that the facts contained in the above petition are true," and by reference to the petition, we think, sufficient grounds are stated to maintain it. The Code of Practice does not require any particular form for an affidavit, to obtain an injunction, but says the party must state "under oath the facts which, according to his belief, render an injunction necessary." *Article* 304.

2. He says, that although Stein may be a creditor of Gibbons, he cannot in this mode arrest him in the execution of his judgment. We entertain a different opinion. If there were no means provided by law, to arrest the execution of judgments obtained by fraud, the most serious consequences might result to *bona fide* creditors. All the fraudulent purposes of a debtor might be carried into effect, and his property dissipated before the creditor could get a judgment annulling or revoking the fraudulent contract or judgment. We think

the plaintiff comes within the provisions of the Code of Practice, *articles* 300, 301, 303, and this court have decided the question in 8 *Louisiana Reports*, 103.   5 *Martin, N. S.*, 501.

3. He says he is not a party to the suit, and, therefore, the injunction ought to be dissolved.   It is true he was not a party originally, and had he remained silent, no judgment that might have been rendered would operate against him; but he came into the District Court, intervened in the suit, and as soon as he did so, the plaintiff by an amended petition made him a party, charging him as being à participator in the fraud with Gibbons.   To the filing of this amended petition he made no objection, if he did, he took no bill of exception to the opinion of the court admitting it, but answered to the merits.   We think he is properly before the court.

4. He says he is a *bona fide* and honest creditor of Gibbons, and having obtained a judgment against him, he claims to execute it and receive the money from the sheriff.   This brings us to the facts of the case, and upon a minute examination of the evidence, we are authorized in saying a baser fraud was never attempted to be perpetrated.   The judge who tried the cause in the court below, who saw the witnesses and heard them testify, was of that opinion, and we concur with him.

It has been alleged in the argument, by the counsel for Irby, that the plaintiff is not a creditor of Gibbons.   That fact is shown conclusively, by the exhibition of the note for fifty-nine dollars and eighty-one and one-fourth cents, with ten per cent. interest, from the 2d of April, 1835, and of the note for seven hundred dollars, dated the 2d of April, 1835, payable one year after date, to the order of Josiah French and endorsed by him, the plaintiff and Thomas Johnston.   The first note was due before the judgment was obtained by Irby, and the second was in existence though not due until afterwards.   The debt, therefore, had "accrued" to use the language of article 1988, of the code.

*If the debt is in existence and has accrued, although it be not due at the time of a judgment obtained or contract made in fraud of creditors, it will authorize the complaining creditor to institute the revocatory action to annul and set aside such contract or judgment.*

The first note is made payable to the plaintiff, and the other is regularly transferred to him by French, the first endorser, who paid it.

WESTERN DIST.    The remaining question is as to the plea of prescription.
September, 1840.  It is clear it does not apply to the note for fifty-nine dollars

STEIN            and eighty-one and one-fourth cents, nor do the counsel for
*vs.*            the appellants contend it does; but they insist on its applica-
GIBBONS AND      tion to the note for seven hundred dollars.  They say the
IRBY.            plaintiff stands precisely in the same situation as French
                 would have done, if he had not transferred the note to the
                 plaintiff, which is indisputable, and the question is, could
                 French have recovered if, instead of transferring the note to
                 plaintiff, he had commenced a suit in November, 1836, to
                 revoke the judgment of Irby against Gibbons.  The counsel
The attacking    for the appellant contends, that the article 1989, which limits
creditor,  who   this action to one year from the date of the judgment, means
seeks to annul a
judgment or con- that the time is to commence from the date of the judgment
tract made in    attacked.  We believe otherwise.  The article says "the
fraud of credi-
tors, must bring action is limited to one year; if brought by a creditor indi-
his action within
one year from    vidually, to be counted from the time he has obtained judg-
the date *of his* ment against the debtor; if brought by syndics or other rep-
judgment,  and
not *of that* at- resentatives of the creditors collectively, to be counted from
tacked.          the day of their appointment."  This court have, on several
                 occasions, had this question under consideration, and have
                 decided on both branches of the prescription mentioned in
                 the article.  In the case of *Fennessy* vs. *Gonsoulin*, 11 *Lou-
                 isiana Reports*, 424, the court said, the prescription is to run
                 from the date of the judgment, which the attacking creditors
                 may have obtained, and at page 532, of the same volume,
                 the question as to suits brought by syndics was also settled.
                 French had a right to bring his suit against Gibbons, at any
                 time within five years, under the article 3505 of the code,
                 and one year from the date of his judgment, to commence a
                 suit against Irby and Gibbons.  Having transferred all his
                 rights to the plaintiff Stine, he can, we think, prosecute them
                 in this action.

                    It is, therefore, ordered, adjudged and decreed, that the
                 judgment of the District Court be affirmed, with costs.