*De Courmont*, for the appellant.

---

The New Orleans Gas Light and Banking Company *v.* Randall Currell and others.

Where, in an action to rescind a sale, on the ground that it was made with the view of giving a preference to certain creditors of the vendor, who is stated to be insolvent, the petition does not allege that the purchasers knew that their vendor was

insolvent, and that the latter had not property sufficient to pay the debt of the petitioner; the sale cannot be avoided.

Art. 1982 of the Civil Code is applicable exclusively to a particular class of cases, in which the only alleged ground of nullity is an undue preference given to one of the creditors of an insolvent; while art. 1989 applies to all other contracts by which creditors are injured.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*G. Strawbridge* for the appellants.

*Benjamin*, curator ad hoc, for the defendants.

SIMON, J. This is a revocatory action. The plaintiffs represent, that they are judgment creditors of R. Currell and James Currell in the sum of $9923. That R. Currell with a view to favor and give a preference to John Currell & Sons, did, on the 29th of August, 1840, convey to the said firm, six valuable lots of ground situated in the city of New Orleans. That with the same view, a suit was instituted in March, 1841, by the said John· Currell & Sons against R. and J. Currell, in which judgment was rendered for the sum of $88,074 33. And that the said R. Currell was, at the time of said acts, and is still insolvent; and that said acts are injurious to the petitioners' rights and in fraud of them. They pray that the acts may be declared null.

A *curator ad hoc* was appointed to the absent defendants, who filed peremptory exceptions founded on law to the plaintiffs' claims, as follows : that the plaintiffs' cause of action is prescribed, and that even if the facts stated in the petition were true, no cause of action exists in favor of the plaintiffs, against the defendants.

The exceptions were maintained, the suit dismissed, and the plaintiffs have appealed.

This suit was filed on the 26th of February, 1842. The allegations of the petition only go to charge R. Currell with the legal fraud of having given an undue preference to John Currell & Sons, by the sale made to them of six lots of ground. The plaintiffs' complaint, with regard to the said sale, does not extend further. It is not even alleged that the purchasers of the lots knew that their vendor was in insolvent circumstances, or that the plaintiffs' debtor has·not property sufficient to pay the debt of the complaining creditors.

We think the Parish Judge did not err. We have often said that art. 1982 of the Civil Code, is applicable to a particular class of cases, in which the only alleged ground of nullity is an undue preference given to one of the creditors of an insolvent, whilst art. 1989, is applicable to all other contracts by which creditors are injured.* 3 La. 26. 14 La. 322. 16 La. 373. This action comes clearly within the provisions of art. 1982; and the defendants' plea of prescription must prevail.

We are also of opinion that with regard to the judgment complained of in the petition, the plaintiffs have shown no cause of action. No collusion is alleged to have existed between the parties. Nothing shows that the amount of the judgment was not due. No fact is disclosed from which any suspicion of fraud or collusion can be inferred; and we know of no law that prohibits a creditor from suing and obtaining judgment against his debtor, even in insolvent circumstances, for the purpose, at least, of liquidating his demand. It was the duty of the plaintiffs to bring their case within the object and requisites of the law. Civil Code, arts. 1966, 1979, 1980, 1981 and 1984.

*Judgment affirmed.*

---

*Art. 1982. No contract made between the debtor and one of his creditors for the purpose of securing a just debt, shall be set aside under this section, although the debtor were insolvent to the knowledge of the creditor with whom he contracted, and although the other creditors are injured thereby, if such contract were made more than one year before bringing the suit to avoid it, and if it contain no other cause of nullity than the preference given to one creditor over another.

Art. 1989. The action given by this section is limited to one year; if brought by a creditor individually, to be counted from the time he has obtained judgment against the debtor; if brought by syndics, or other representatives of the creditors collectively, to be counted from the day of their appointment.