Labatjve, J.
This suit is brought to recover from Mrs. Emeline J. Penny, the sum of $8,500, with interest, and a mortgage on her plantation, and to íinntd a judgment obtained on the 24th November, 1865, on confession, in favor of Mrs. Jane E. Scott, against the said Mrs. Emeline J. Penny for $11,081, with eight per cent, interest per annum, and with a mortgage on said plantation, on the ground that said judgment was null and void, and rendered in fraud of petitioners’ rights; and an execution, having issued on said judgment, plaintiffs obtained an injunction to arrest the sale.
On the 4th March, 1852, Mrs. E. J. Penny mortgaged her said plantation to Bogart, Eoley & Avery, to secure the payment of $7,000, evidenced by her two notes, one due 4th February, and the other 4th March, 1853, each for $3,500.
On the 7th April, 1855, the said Mrs. Penny mortgaged the same property to said Mrs. Jane E. Scott for $2,206, evidenced by her note, payable one year after date.
On the 30th January, 1857, the said Mrs. Penny mortgaged the same, and other property, to the firm of Lobit & Oharpentier, to secure said firm for advances to be made to her by said firm, to the amount of $8,000, to carry on her said plantation.
The mortgage in favor of Bogart, Eoley & Avery, and Mrs. Jane E. Scott, were respectively reinscribed on the 14th and 16th of' October, 1865.
The judgment in favor of Mrs. Jane E. Scott was rendered upon the the notes and mortgage in her favor, and also upon the notes and mortgage in favor of Bogart, Eoley & Avery, which had been transferred to her by said mortgage creditors.
Mrs. Jane E. Scott answered by a general denial of all the allegations set forth in the petition. Admitted that she was a judgment and mortgage creditor of said Mrs. Penny, and that said amount was justly duo her. She prayed that the injunction be dissolved, with general and special damages.
*290 The District Court, after hearing the evidence, decreed that the judgment in the case of Mrs. Jane E. Scott v. Emeline J. Penny, No. 627, in so far as the mortgages were therein recognized to have rank, tho one from the 4th March, 1852, and the other from the 7th April, 1855, be annulled and revoked; that it be so amended as to give the mortgages rank, the one from tho 14th October, 1865, and tho other from the 16th October, 1865; and that the land be seized and sold to pay plaintiffs’ debt, interests and costs. That tho defendant, Emeline J. Scott, wife of D. II. Penny, pay said plaintiffs the amount claimed by them, with the interest. That the petitioners’ rights of mortgage upon the land be recognized to date from the 30th January, 1857, and tho injunction dissolved, and the defendants to pay all the costs of suit.
The defendant, Mrs. Jane E. Scott, judgment creditor, alone appealed. Tho judgment debtor, Mrs. Penny, did not appeal, and is not before us.
There are several bills of exceptions taken to tho opinion of the Court below, but the view we have taken of the case, makes it unnecessary to pass upon them, except one which will be noticed hereafter.
The first question that is presented is : Does the mortgage, executed by Mrs. Penny, on tho 30th January, 1857, in favor of the firm of Lobit & Charpentier, to secure said firm for all allowances or acceptances to be made to her to the amount of $8,000, cover and secure the notes sued upon, and executed by said Mi-s. Emeline J. Penny, on the 1st February, 1862, the 12th February, 1862, and the 1st March, 1862, all payable to the order of Lobit, Charpentier & Co. ?
Wo are of opinion it doós not.
The evidence shows that one A. Testrou became a partner, and made tho company; from that moment the old firm was changed, and became a new one, with different parties, interest and liabilities; the creditors and debtors of the old firm, were not so of the new firm, and vice versa. It was two different houses in contemplation of law; creditors of the old firm could not have pleaded compensation against a debt duo the new firm. Suppose Mrs. Emeline J. Penny held notes of the old firm, and this suit were brought against her by Lobit, Charpentier & Co., in lieu of tho plaintiffs, she could not have opposed the plea in compensation, Ellis v. Fisher, 10 A. 479, 482.
We have concluded that the plaintiffs have no mortgage.
The second question is relative to the avoidance of the judgment by tho revocatory action.
On the trial of the case below, plaintiffs offered in evidence an extract from the assessment roll, to show the value of Mrs. Penny’s property, to establish insolvency; to which evidence Mrs. Scott’s counsel objected, on tho ground that there was no allegations in the petition under which such testimony was admissible, the Court overruled the objection, and admitted the evidence; a bill of exception was taken to the ruling of the Court.
We believe the Court erred.
, In actions of this kind, the allegation and proof of insolvency, is most essential, without which the revocatory action cannot be maintained. ■ The evidence should have been rejected.
It was incumbent on the plaintiffs to allege and prove that Mrs. Penny *291 was in insolvent circumstances, when she consented to these proceedings, to the knowledge of Mrs. Scott, the judgment creditor.'
Nowhere in the petition, or in the record, are there such allegations or proof, 4 L. 256, 250. 4 R. 408, 438. 10 L. 363. O. O. Art. 1973, 79, 80. 12 R. 141. 11 L. 419. 6 An. 87. The solvency and insolvency must he alleged and proved as required by Article 1980 of the Oivil Code.
We are of opinion that the plaintiffs have failed to make out their case in their revocatory action against Mrs. Jane E. Scott, in not proving the insolvency of Mrs. Penny, and knowledge thereof in Mrs. Jane E. Scott.
We think that this case does not require damages, as the judgment bears eight per cent, interest.
It is therefore ordered and decreed, that the judgment appealed from, so far as it concerns and affects Mrs. Jane E. Scott in the revocatory action, be annulled and avoided, leaving in force the personal judgment rendered against Mrs. Emeline J. Penny in favor of plaintiffs. It is further ordered and decreed, that the revocatory action brought to annul the judgment and the mortgage in favor of Mrs. Jane E. Scott be dismissed, as in case of nonsuit. It is further ordered and decreed, that the injunction be dissolved, the plaintiffs and appellees to pay costs of this appeal.