Conté vs. Cain et al.

## No. 6880.

### MR. AND MRS. J. M. CONTÉ VS. L. B. CAIN ET AL.

A subsequent mortgagee has no interest in the question whether an antecedent mortgage was or not properly re-inscribed, when the property upon which said antecedent mortgage rested, was sold and the purchaser assumed the mortgage as part of the price of sale, and the act of sale was recorded before the alleged peremption of the said antecedent mortgage. The holder of such vendor's privilege will necessarily outrank the subsequent mortgagee, whether the said assumed mortgage is or is not perempted.

Plaintiff's demand comes within the purview of the Revocatory action, to which, under the facts of the case, the prescription of one year applies.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers, J.*

---

*Geo. L. Bright* for Plaintiffs and Appellants.

*J. McConnell* for Defendants and Appellees:

First—Mortgages, under the hypothecary system of Louisiana, may be given to secure debts having no legal existence at the date of the mortgage, and to secure loans to be obtained in the future on the faith of its security. C. C. 3292 (3259.)

Such mortgage shall be realized, in so far as the promise shall be carried into effect, by the person making it. C. C. 3293 (3260.)

Second—It is not essential in such a mortgage, even with respect to third persons, that it should express on its face, that it was executed to secure future debts. 7 An. 297.

Third—Such a mortgage may be described as a security for existing debts, and yet used to protect those which, in the contemplation of the parties, were to be created. 22 An. 285; 7 An. 297.

Fourth—The action *en declaration de simulation* cannot properly or legally be joined, in the same petition, with the action for revocation of real but fraudulent contracts, as the allegations of reality, which are essential to support the latter, are inconsistent with, and contradictory of, those of unreality necessary to maintain the former. 24 An. 123, 125; 24 An. 35; 1 An. 133; 31 An. 863.

Fifth—Subsequent mortgagees have the right to ascertain by action whether apparent contracts, made between their debtors and other persons, are real, or mere fraudulent simulations.

Sixth—Subsequent mortgagees have also a right, subject to the limitation which the law has prescribed, to an action for the avoidance of contracts, which, although they are real, were made in fraud of their rights as creditors.

Seventh—Where property on which a mortgage exists is sold, and the purchaser assumes the payment of the mortgage note as a part of the purchase price, this stipulation gives to the holder of such mortgage note, from the date of such assumption, the additional security of vendor's privilege. 17 An. 255-257; 17 La. 67.

Eighth—The object of pleading is to notify the adverse party of the nature of the claim or defense, that he may be prepared to rebut it, and not be surprised on the trial; and if the record discloses notice, previously brought home to the party, so that it was impossible for him to have been surprised, the lack of more full and explicit pleadings will not compel the rejection of pertinent evidence. 12 An. 796; 23 An. 675; 4 An. 534; 5 An. 531; ib. 673; 6 An. 531.

Ninth—Where the validity of a mortgage is attacked by a subsequent mortgagee, the party holding the mortgage thus attacked, must be permitted to show by evidence its real character and consideration. Where the plaintiff provokes the inquiry, he cannot object to its being pushed to the extent of finding out the real truth. 22 An. 286.

Tenth—Where the evidence, as in this case, shows that the contract assailed is not a mere simulation, but, on the contrary, establishes it to be a real and veritable contract, the prescription of one year applies to the action for its revocation. C. C. 1987 (1982), 1989 (1984), 1994 (1989); 24 An. 123; ib. 246; ib. 552; 7 An. 297; 6 An. 87; 6 R. 142; 3 La. 29; 8 N. S. 675; 1 An. 133.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit for the cancellation of mortgage inscriptions.

The plaintiff avers that she has obtained a judgment against Antonio Palacio for $9314 with interest, which was duly recorded on the 21st of June, 1875, in the mortgage office of this parish; that she issued execution under it and seized real estate belonging to the defendant; but that, owing to *three* inscriptions, made in said office, *anterior* to her own, apparently affecting the property to the extent of $53,000 with interest, etc., which by far exceeds the value of the real estate, she was and still is obstructed in the collection of her claim.

She charges that the first inscription made on the 16th February, 1866, of an act of mortgage executed by one Randall in favor of James McConnell, to secure $3000, was not renewed until the 16th of March, 1876, more than ten years afterwards; that the property then mortgaged was subsequently, viz: the 21st February, 1867, acquired by Palacio and forms part of the real estate seized as aforesaid; that the inscription within the ten years, viz: on the 27th of February, 1867, of the act of sale by Randall to Palacio, although it contained an *assumption* of the debt and a reversion of the mortgage in favor of McConnell, did not operate as a reinscription, and the original inscription of 1866 having perempted should be canceled. She charges that the second inscription of an act of mortgage, executed on the 8th of May, 1874, by Palacio, in favor of Jose San Roman for $25,000, with interest, etc., is a *simulation*, and should be erased from book 128, fol. 266. She charges that the third inscription of an act of mortgage executed on the 15th January, 1874, by Palacio, in favor of L. B. Cain, for $25,000, with interest, is a *fraud*, and should be canceled. She avers that McConnell claims to be the owner of the pretended notes secured by the $3000 mortgage; that L. B. Cain claims to represent the notes said to be secured by the $25,000 mortgage, last-mentioned. And she prays for a cancellation of all said inscriptions, five in number, and for a money judgment for damages sustained, in the shape of attorneys' fees, etc.

Cain filed exceptions and an answer. His defence was adopted by his co-defendants. The exceptions were referred to the merits, to be disposed of therewith.

The exception filed by the defendants set up the prescription of one year to plaintiffs' action, as, in character, revocatory of the mortgage of

May 15th, 1874, by Palacio to Cain, said to have been made *in fraud* of plaintiffs' rights and to her injury.

The lower court passed upon the merits and upon the exceptions simultaneously, and rendered judgment in favor of the defendants. The plaintiff appeals.

We propose to consider the charges made against the validity of the inscriptions, in the order in which they have been above chronologically announced.

I. The evidence shows that on 21st February, 1867, Randall sold the property mortgaged to James McConnell to Palacio who, as part of the purchase price, assumed payment of the notes and the reversion of the mortgage. The act by which this was done, was recorded in the mortgage office, on the 27th of February, 1867, the assumption and reversion being fully set forth in the registry; that is, within the ten years following the inscription of the act of mortgage by Randall to McConnell. The notes, together with the mortgage securing them, were afterwards transferred by McConnell to Cain, who was a subsequent mortgage creditor.

Plaintiff's judgment against Palacio was recorded more than eight years *after* this assumption and reversion, viz : on the 21st June, 1875.

It is indifferent to plaintiff, whether the act of mortgage in favor of McConnell was or not reinscribed within the ten years following its original inscription ; nay, whether it ever was recorded at all. It is sufficient, in order to strip plaintiff of all interest to question the validity of the inscription and reinscription, that the debt of $3000 was assumed and made part of the purchase price, and that the act mentioning the same was properly recorded before the judgment was put on the mortgage books. That registry was notice to the world of the encumbrance existing on the property to secure the payment of the $3000 notes with vendor's privilege.

Had plaintiff's judgment been recorded previous to the registry of the assumption and sale, and had the original inscription not been seasonably and regularly renewed, a question quite different would be presented.

What is it to the plaintiff that part of the purchase price was a debt due to McConnell, or an original indebtedness to Randall, the vendor, arising directly and merely from the sale of the property to Palacio ? 32 An. 283 ; 17 An. 255 ; 20 An. 385 ; 21 An. 521, 523; 12 R. 399 ; O. B. 47, fol. 190–5 ; R. C. C. 1890 ; 1902 ; 3249.

McConnell's transfer and conventional subrogation was, at the time, unnecessary. Cain, himself a mortgage creditor, subsequent in rank, had an interest in paying, with an intention to purchase, that preferred debt and, by such payment or purchase, was subrogated of right, by

operation of law, to McConnell's titles to the claim and mortgage. R. C. C. 2161 (1) 9 An. 247; 20 An. 359 ; 31 An. 859.

As transferree and subrogee of McConnell, Cain, who had been receiving interest from Palacio from 1867 up to August 1875, does not rely so much on the original act of mortgage and inscription in 1866, as he does upon the sale by Randall to Palacio, as an independent act, whereby payment of the debt was assumed and secured by vendor's privilege, on the property sold. It was lawful for Randall to make the stipulations in favor of McConnell, as the holder of the $3000 claim, as a condition of the sale. The moment they were accepted by McConnell they constituted a binding and irrevokable contract, ·as to him, the terms of which enured to the benefit both of Randall and himself. R. C. C. 1890, 1902, 1903, 3249, 3271. 19 An. 125 ; 17 L. 66 ; 12 R. 279 ; 3 L. 112 ; 3 R. 216 ; 17 An. 256 ; 5 An. 225 ; 6 R. 407 ; 23 An. 757 ; 20 An. 223; 12 R. 399, 152; 5 M. 322; 5 R. 240; 6 R. 607; 5 An. 228. See, also, Scionneaux vs. Waguespack, 32 An. 283.

There can be no doubt that the inscription of the McConnell mortgage, made on February 27th, 1866, not .having been renewed until March 16th, 1876, has perempted ; but its peremption does not affect the security resulting from the act of sale by Randall to Palacio, on February 21st, 1867, recorded on the 27th following, for the payment of the purchase price, which, as a legal concomitant, was secured by vendor's privilege, without the requirement of any stipulation at all. *Adheret visceribus rei.* R. C. C. 3249, 3271, 3251 ; 3 An. 600 ; 4 An. 313 ; 32 An. 822, 828; Troplong, Vte. II, No. 592, 596 ; Laurent Cours Elém. vol. 4, No. 400.

That principle springs into existence from the mere fact of a sale on credit and continues in force as long as the price remains due, contingent on proper registry to bind third parties. It extends, not only to such portion of the price as may be due to the vendor, but also to all other portions which may be represented by others and which form a consideration for the sale. They are all protected by law, with this distinction, however, that where part of the price is a debt of the vendor, the creditor holding that debt would outrank the vendor; as for instance, where there are successive sales on which the price is due, wholly or in part, the first vendor is preferred to the second, the second to the third, and so throughout.

II. The second inscription,. charged with simulation, is proved to have been canceled at the time of the mortgage to Cain. The certificate annexed to the act shows the cancellation. It was not, therefore, a stumbling-block in the way of plaintiff.

III. The transactions between Palacio and Cain, which resulted in the issue of the notes of the former for $25,000, secured by the act of

mortgage of May the 15th, 1874, which was duly recorded on the next day, took place nearly *three* years previous to the institution of this suit, which was brought on the 10th of April, 1877. Plaintiff's judgment was rendered on the 18th of June, 1875, more than *one* year after the mortgage in question was consented.

The action given by law to creditors to cause to be *revoked*, contracts made by their debtors in fraud of their rights, with a view to deprive them of their recourse against their property, and coming within the purview of the provisions of the Code on the subject, is limited to *one year*, from the time the creditor has obtained judgment against the debtor, and then only when his debt, or claim, accrued *before* the contract was formed. R. C. C. 1987, 1989, 1994, 1993.

This suit was brought nearly three years after the date of the contract sought to be revoked. The exception of prescription of *one* year was well taken and properly sustained. 6 N. S. 675 ; 6 R. 142 ; 9 R. 275 ; 3 La. 29 ; 2 R. 277 ; 24 An. 123 ; 4 L. 260 ; 24 An. 246, 522 ; 8 La. 106 ; 4 R. 408, 438 ; 11 L. 424, 532 ; 2 An. 483, 659 ; 14 L. 308 ; 4 An. 65 ; 3 An. 248 ; 16 La. 103, 370 ; 6 An. 439 ; 19 La. 594 ; 7 An. 298 ; 12 An. 889.

This view of the case renders it unnecessary for us to consider the bill of exception taken by the plaintiff to the admission of the evidence introduced by the defendant under his answer, and which plaintiff claims should not have been received under the averments in the answer, which are charged as being fatally vague and indefinite.

Were plaintiff's exception sustained and the evidence rejected, and had the suit been brought in time on the charge of *fraud*, we would not hesitate to say, the burden being on plaintiff to establish the charge, that she has failed in her assaults.

We find no error in the judgment appealed from.

It is, therefore, affirmed with costs.