### No. 11,992.

### HENRY C. PREVOST, SYNDIC, vs. HENRY WALTHER.

To a revocatory action for the recovery of an asset, which was pledged and assigned by an insolvent commercial partnership immediately previous to their surrender, an individual member is not a necessary party, because the members of the firm are personated by the creditors to whom the cession is made, and the syndic is their accredited representative.

The syndic is not estopped judicially by the creditors' acceptance of their debtors' cession and schedule. Neither imports absolute verity on its face.

The fact that the relations of factor and customer exist between the insolvents and a particular creditor does not justify the former in pledging or assigning to the latter a mortgage note not relating to their transactions, immediately previous to their surrender, and while their affairs were in a state of financial embarrassment.

APPEAL from the Eighteenth Judicial District Court for the Parish of Terrebonne. *Caillouet, J.*

---

*Beattie & Beattie* and *Fenner, Henderson & Fenner* for Plaintiff, Appellee.

---

*L. F. Suthon* for Defendant, Appellant.

---

Argued and submitted January 9, 1896.
Opinion handed down February 10, 1896.

---

The opinion of the court was delivered by

WATKINS, J.   This suit was brought by the syndic of the creditors of the insolvent commercial partnership of John A. Hubbard & Co., and of John A. Hubbard and Harris Gagné, the individual members composing that firm, representing that the insolvents owned a certain described note for three thousand dollars, secured by mortgage and vendor's privilege on certain real estate; and that the same came into their possession anterior to its maturity for a valu-

able consideration, and was in their possession on the day of their cession, and passed to their creditors by their assignment. That same was thereafter illegally and fraudulently transferred to the defendant without legal or sufficient consideration, after maturity and for the purpose of giving to him, as a creditor, an undue preference over other creditors of the insolvents.

He prayed for judgment decreeing him to be the rightful owner of the note for the use of the creditors, and an injunction restraining him from making a sale or other disposition thereof, *pendente lite*.

The defendant first filed an exception, to the effect, (1) that John A. Hubbard was a necessary party to this suit as a revocatory action, he being one of the contracting parties; (2) that the syndic is estopped from bringing the suit because he is bound by the insolvent's schedule; (3) that he is without interest to represent the mass of creditors.

They were tried and overruled, and the defendant then, for answer, plead a general denial, and especially averred that the relations between himself and the insolvents were of a fiduciary character, and the proceeds of rice sold by them for his account were in their hands, to the amount of six thousand dollars, and that in order to secure the same in part the note in controversy was pledg d to him prior to their insolvency, and that he received it in good faith and in ignorance of the condition of Hubbard's affairs. That the charge of fraud comes too late—after more than ten days had elapsed after the cession had been made and accepted.

On the trial there was judgment in favor of the plaintiff, and the defendant has appealed.

Addressing our attention first to the defendant's exceptions, it seems to us very clear that John A. Hubbard, individually, is not a necessary party to this litigation, (1) because he is one of the declared insolvents and is personated by the creditors through the instrumentality of the syndic, who is plaintiff; (2) because John A. Hubbard individually was not the debtor of the defendant. For it appears from the transcript that the defendant " was a creditor of John A. Hubbard, the said John A. Hubbard being a commercial firm composed of John A. Hubbard and Harris Gagné, doing business under the name of John A. Hubbard. Mr. Walther had been doing business with that firm for many years, and when (the) firm

changed its name, about January 1, 1894, from John A. Hubbard to John A. Hubbard &˙Co., there was no change in the personnel of said firm, it still being composed of (John A. Hubbard) and Mr. Gagné. And Mr. Walther continued business with us without any interruption, and was a creditor and is a creditor of John A. Hubbard & Co."

This statement is that of John A. Hubbard, as a witness.

It seems to us equally clear that the syndic is not bound or estopped by the creditors' acceptance of the cession and schedules of the insolvents; for if either is esteemed to import absolute verity, there would be neither safety or security to the creditors. Such a construction of the law would prove utterly subversive of the principles of the insolvency laws, the object of which is to place the creditors in a position where they can make available for themselves all of the assets of the insolvent, to the end that the same may be sold and the proceeds distributed in *concursu* according to their relative rank and priority.

Indeed this a well settled proposition. It was raised and decided in Chaffe, Syndic, vs. Scheen, 34 An. 687, the court employing this language, viz. :

"The appointment of a syndic, like that of an assignee in bankruptcy, so far from committing the creditors to the correctness of the schedule and precluding them or their representatives from seeking to amend or change it, it was but a step preliminary to the regulation and adjustment, as between the insolvent and creditors, and among the latter, *inter sese*, of all matters embraced in the surrender, and reported in, or pertaining to, the schedule submitted."

That decision meets the identical question counsel for defendant has raised in the instant case, and it is conclusively against his contention.

Instead of the syndic being without interest to represent the mass of the creditors, such is the immediate object of his appointment. There is no force in this contention.

With regard to the prescription of ten days* which is urged as a bar to the plaintiff's action, it is sufficient to say, that the only action which is prescribed by ten days, with which we are familiar, is that

---

*NOTE—Civil Code, Arts.. 1970-1994; Muse, Syndic vs. Yarborough, 11 La. 530; Stein vs. Gibbons & Irby, 16 La. 103.—REPORTER.

which is defined in Revised Statutes, Sec. 1802; and it has no application to the revocatory action.

Our appreciation of the defendant's answer is, that it admits the existence of all the essential *facts* on which plaintiff grounds this action, and leaves for examination and decision a single question of law; and that question is, whether or not John A. Hubbard & Co. had the right to pledge to the defendant the note in controversy, immediately preceding their judicial surrender, and when they were confessedly in embarrassed circumstances, financially—the defendant being a preferred creditor of the insolvents, as his factors and commission merchants at the time, for proceeds of rice sold and unaccounted for.

This question was correctly solved by the District Judge, and his judgment is supported by a well-reasoned written opinion. The insolvents might have paid defendant out of the proceeds of the rice he had shipped and they had sold; but being in insolvent circumstances, they had no right to thus divert their other assets to the prejudice of other creditors.

Judgment affirmed.

