ABELL v. COONS et al.

Where the plaintiff, being the owner of an undivided one-half of a tract of land, mortgaged his interest therein to A, and subsequently, with his co-tenant, conveyed the land to B and C, two-thirds to one and one-third to the other, by two separate deeds, in each of which is set forth the agreement of the grantees to assume the payment of the mortgage; and after the mortgage fell due, the plaintiff filed his bill against B and C, to compel a foreclosure and payment: *Held,* that the case was one of chancery jurisdiction, and that it was not necessary for plaintiff first to pay off the mortgage before bringing his action.

The assumption of the payment of the mortgage by the defendants, did not extend it over the whole land, nor does it amount to an understanding to pay it as part of the purchase-money, so as to give the vendors a lien on the whole land.

APPEAL from the Superior Court of the City of San Francisco.

It appears from the testimony in this case, that Abell and Stevens purchased a tract of land from one Weber; soon after the purchase, Abel mortgaged all his right, title and interest, in said land to one Humphreys for the sum of eight thousand dollars; after which said Abell, together with Stevens, conveyed two-thirds of the land purchased from Weber, to one Coons, and

the remaining one-third to one Dennison·; the deeds to Dennison and Coons both contain this recital or covenant: "The said party of the second part hereby agreeing to assume the payment of a certain mortgage for the sum of eight thousand dollars, now existing on said premises." After the mortgage had become due, Abell filed his bill in chancery to compel a foreclosure and payment.

Coons paid sixteen thousand dollars for his two-thirds, and Dennison eight thousand dollars for his one-third. Coons subsequently incumbered his interest in the land to third parties, who are also, as well as Humphreys, made defendants. The Court below entered a decree for the sale of the whole land, and for the application of the proceeds to the payment of the mortgage of Humphreys and of plaintiffs' costs. Defendants appealed.

*Crittenden & Inge* for Appellants.

In this action Abell, who is Humphreys' debtor, sues his creditor Humphreys, together with Coons and Dennison, the purchasers of the property, subject to the mortgage of Humphreys and numerous other defendants holding mortgages from Coons, and prays a sale of the whole property to satisfy his debt to Humphreys, and the application of the proceeds to the payment of the debt and costs, alleging that Coons and Dennison did not pay his debt to Humphreys, and that it remains a personal liability, etc.

If Humphreys, the creditor of the plaintiff, had brought an action against Abell for the money due on the note, and against Coons, Dennison, and the subsequent mortgagees, to foreclose his mortgage, he would have recovered judgment against Abell for the debt, and obtained a decree for the sale of the undivided half interest in the premises, that being all the interest Abell had when he made the mortgage, and all the interest embraced in the deed of mortgage.

But by the unnatural and anomalous proceeding attempted in this action, it is sought to subject the whole property to sale instead of the half interest; in other words, to give to Humphreys, as defendant, a right which he could have no pretence to claim as a plaintiff, and to protect Abell to the extent of the whole property, though he was never the owner of more than the undivided half.

Again, here is a foreclosure of a mortgage independently of the debt, and without any attempt directly to ascertain its existence or amount, without any judgment for the recovery of any money, and without any satisfaction of any debt under the decree of foreclosure.

And under this decree of foreclosure, property is to be sold

which never belonged to the mortgagor, and never was embraced in the mortgage.

It is not contended by the plaintiff that Coons and Dennison are personally liable for the eight thousand dollars upon the deeds made to them, and no judgment for the debt is prayed or rendered against them.

The appellants insist, First, That the complaint does not state facts sufficient to constitute a cause of action, and the facts proved do not justify any judgment in this action for the foreclosure of the mortgage of Abell to Humphreys. Second, That if any decree for the sale of the mortgaged property can be made in this action, it should only be for the sale of the one-half interest which was mortgaged.

The action is probably brought under the five hundred and twenty-seventh section of the Act to Regulate Proceedings, etc., which says that an action may be brought "against two or more persons for the purpose of compelling one to satisfy a debt due to the other for which the plaintiff is bound as security."

But this act does not cover the case. The plaintiff is not bound as security for the debt due from any of the defendants to another. He is bound to the defendant Humphreys for the payment of his own debt. He is the principal, and not the security. Coons and Dennison are not bound to Humphreys either as principal or sureties. There is no contract whatever between them and Humphreys.

If the clause in the deeds of Abell and Stevens to Coons and Dennison could be construed into any obligation on the part of the latter to pay Abell's debt to Humphreys, Abell would only have the right to recover from them personally what he had been obliged to pay Humphreys, in consequence of their failing to pay him. But before he could maintain any action against them he would first have to pay Humphreys.

But there is no such obligation on the part of Coons and Dennison. The clause in the deed is nothing but the declaration of Abell and Stevens, that the purchasers of the property, Dennison and Coons, are to take it subject to the existing incumbrance of eight thousand dollars, which was an incumbrance on the undivided half interest. The word "premises" means not the whole estate in the property described, but the lots of land themselves. If it means the whole estate in the property, then there is no such mortgage shown to exist, or it must refer to some other mortgage than that of Abell to Humphreys, for that is not of the whole estate, but only of the half interest.

But, as has been said before, this clause in the deed is not an assumption of the debt secured by the mortgage, but a mere recognition of the mortgage as an "existing" incumbrance, and

that recognition is utterly inconsistent with the idea of an intention to change its terms.

Yet, by the judgment of the Court, a new mortgage upon the whole property is in effect created and foreclosed to the entire sacrifice of the rights of the defendants, who hold under Coons, and who have taken mortgages from him with notice only of a prior mortgage of Abell to Humphreys upon the undivided half interest only.

*B. S. Brooks* for Respondent.

The complaint is in the nature of a bill *quia timet*, for the general principles of which see 2 Story on Eq. Juris., chap. 21, " Bills Quia Timet," and in regard to the present bill see more particularly § 849 of same chap., p. 186; also, § 327, vol. 1, p. 353 : " Sureties are entitled to come into a Court of Equity, after a debt has become due, to compel the debtor to exonerate them from their liability." See also § 730.

The plaintiff here stands in the light of a surety of the defendants. They have agreed to pay the debt and have charged the land with the payment. The debt is due. The security is depreciating. The liability is increasing by the accumulation of interest. The defendants are the principal debtors. If they pay the debt it is absolutely discharged, and there is an end of it. The plaintiff is a surety. If the defendants pay the debt, his liability is at an end. If he pays the debt, he has recourse over against them. He is, as far as they are concerned, a mere surety. 1 Hillman on Mortgages, 236; See also *Heyer v. Pruyn*, 7 Paige Ch., 465; *Tice v. Annin*, 2 Johns. Ch., 128; *Bigelow v. Bush*, 6 Paige Ch., 343; Bank of U. S. *v.* Stewart, 4 Dana. 28; *Eddy v. Traver*, 6 Paige, 521; *Cox v. Wheeler*, 7 Paige, 248.

The defendants objected further that the plaintiff was not entitled to a decree for the sale of the whole premises, but only for an undivided moiety.

In regard to this point we present three propositions in support of our claim of a lien upon the whole property :

1. That Abell, Stevens, Dennison, and Coons, as parties to said deeds, and the other defendants, as parties claiming through them, are estopped by the recital in the deeds to deny that the mortgage is a lien upon the entire premises and cannot be heard in Court to assert in contradiction of said recital that the mortgage was a lien only upon the moiety.

2. That however the fact might have been originally, the said recital amounts to a covenant on the part of the said Dennison and Coons, that the said mortgage should thereafter be a lien upon the entire property.

3. That the said mortgage debt was assumed by said Dennison and Coons as a part of the purchase-money of the said estate, which thereby became an equitable lien upon the estate, of which

the notice contained in the deed charges all parties claiming by, through, or under, them. Beals, adm'r, v. Schwales, ex'r, Marsh. Ky. R., 475; Bank of Kentucky, v. Vance, adm'r, 4 Litt. R., 172; Colyer v. Jackson, 3 Monroe R., 23; 4 Cowen & Hill's Notes to Phil. on Ev., 455.

As to what is sufficient notice, see 1 Story on Eq., 399 to 400, and Johnson v. McCall, 10 Johns., 376.

MURRAY, C. J., after stating the facts, delivered the opinion of the Court—TERRY, J., concurring.

As to the remedy, we are satisfied that the case is one of chancery jurisdiction, and it is not necessary for Abell to first pay the amount of the mortgage to Humphreys, before he can bring his action against Coons and Dennison; in fact he might be unable to do so, and although primarily liable to Humphreys, still in this transaction, he is, in fact, a security for Coons and Dennison, as it is evident that he will only be liable to Humphreys in the event of non-payment by them, or the failure of the premises to bring the amount of the mortgage-debt.

The first question which naturally suggests itself, is as to the character of the clause in the deeds above quoted. It is to be observed that the mortgage by Abell, (he and Stevens holding as joint-tenants) only extended to the undivided one-half of the premises. It is now contended that this clause extended the mortgage to the whole premises, and that all the lands became charged, and if such is not the legal effect, that it amounts to an undertaking upon the part of the grantees to assume the debt of eight thousand dollars, as a portion of the purchase-money, and that the vendors have a lien on the whole premises, for the amount unpaid.

The words of the deed "assume the payment of the mortgage now existing on the premises," can by no just rule be said to extend the terms, but rather to define and limit the extent of the mortgage. What was the mortgage then existing on the premises? It was a mortgage of the undivided one-half interest of Abell, and this they assumed.

Let is next inquire, whether the covenant can be considered as raising a vendor's lien. It will be borne in mind that both deeds, that of two-thirds to Coons, and the remaining one-third to Dennison, contain this provision. Now, can it reasonably be supposed that Dennison, who purchased on the same day with Coons, a one-third interest, for which he paid eight thousand dollars, undertook to pay the further sum of eight thousand dollars when the remaining two-thirds were sold for sixteen thousand dollars, with the contingent charge of eight thousand more. This would make Dennison's interest, in the event he had to pay the mortgage, cost sixteen thousand dollars; while Coons' two-thirds could not cost in any event more than twenty-four thou-

8

sand dollars, making a difference, as against Dennison, in the price of one-third of the land, of four thousand dollars.

The fact that this provision was inserted in both deeds, and that it would work unequally and unjustly in the two cases, if the construction contended for was maintained, is a strong circumstance tending to raise the presumption that the clause was simply designed as a recognition of the mortgage, and not as an individual assumption by each vendee. In this connection it might be asked, if it were an undertaking to pay the eight thousand dollars as part of the purchase-money, whether Coons or Dennison was primarily liable, or could both be compelled to pay the mortgage?

From the foregoing conclusions, we are of opinion that the mortgage from Abell to Humphreys is a charge only upon an undivided half interest of said premises, and the Court below is ordered to modify its decree in conformity with this opinion.