E. L. DELONG AND C. W. DELONG, *Appellants*, v. A. E. MARSHALL AND BERNARD C. BASS, *Appellees*.

Opinion Filed December 2, 1913.

1. A bill in equity should not be dismissed *sua sponte* upon dissolving an injunction, if equity is shown for any substantial practical relief.

2. A vendor's lien is a right which the law by implication accords to the grantor of land, who has conveyed the title and reserved no express lien and has taken no security for the purchase money other than the personal obligation of the grantee, to subject the land in equity to the payment of the unpaid purchase money.

3. Where by direction of the purchaser of land the title thereto is conveyed to another ,the vendor's lien for the purchase money by implication of law attaches to and follows the land in the hands of the grantee, without any special agreement for its retention, and binds the lands as if it were conveyed to the person who undertakes to pay the purchase money.

4. A vendor of land having an implied lien thereon for unpaid purchase money, may in equity require the application of unpaid purchase money due to the original vendee from a subsequent purchaser from him where there are no countervailing equities.

Appealed from Circuit Court of Pinellas County; F. M. Robles, Judge.

Decree reversed.

*William Hunter*, for Appellants;

*John U. Bird*, for Appellees.

WHITFIELD, J.—The appellants in a bill in equity allege in effect that being the owners in fee simple of described land they negotiated a sale thereof with S. P. Coalson; that appllants understood that J. L. Bass was interested in the purchase, and that the conveyance was finally executed at the direction of said J. L. Bass and S. P. Coalson to Bernard C. Bass, who is a nephew of J. L. Bass, and who claims to have some interest in the pur-

chase of said property; that in the payment of the last amount due on the purchase price of said property the said Coalson and J. L. Bass gave the appellant E. L. DeLong their promissory note dated November 4, 1912, on which date the transaction was closed, and the deed delivered for the sum of $500 with interest, due six months from date; that S. P. Coalson is a non-resident of the State, and has no property in the State out of which the amount due on the note could be made, and that certain creditors of said J. L. Bass have filed a petition to have him adjudged a bankrupt; that there has been recorded in a stated Record Book a deed from said Bernard Bass and wife to the appellee A. E. Marshall, which deed purports to convey to the said Marshall the described premises; that Bernard C. Bass is not a maker of the said note, and that no personal judgment could be rendered against him; that appellants have no security or solvent person whom they could sue for the balance due on said purchase price of said property, and they are depending upon their equitable vendors' lien for the balance due on the purchase price; that the transfer from Bernard C. Bass and wife to A. E. Marshall was a transfer without any present consideration; "that the said A. E. Marshall, if any consideration at all was given for said property, made his promissory note to the said Bernard C. Bass, due about one year from date for the sum of Two Thousand Dollars;" and that the said Marshall has paid nothing whatever upon the purchase price of said property, and that said note, if it is in existence, is in the possession and control of the said Bernard C. Bass, and that to permit the said Bernard C. Bass to transfer said property with the knowledge which he had at the time of said transfer, that there was a balance due on the purchase price, would be a fraud upon the rights of

appellants, and would defeat their vendor's lien for the balance of said purchase price. The prayer is that Marshall be enjoined from paying to Bernard C. Bass any sum on the purchase price of the property, and from conveying or encumbering the property until the balance due to appellants on the purchase price is paid, and that if the purchase price is not paid at the maturity of the note, that appellants be decreed to have a vendor's lien for the balance due them on the purchase price, and that Bernard C. Bass be enjoined from collecting the sums due from Marshall upon the alleged purchase price and from transferring the note given him by Marshall for the alleged purchase price until the payment of the balance due appellants upon the purchase price, and for general relief. The court granted a temporary injunction, and subsequently on motion dissolved the injunction and dismissed the bill of its own motion. Complainants appealed, and assign as errors the dissolution of the injunction, and the dismissal of the bill of complaint.

Even if the granting of the temporary injunction was error in the absence of a proper prayer and notice, yet if the bill contains equity for an injunction, the erroneous granting of an injunction for lack of notice may not warrant a dissolution. And if the particular injunction granted should have been dissolved, the bill should not be dismissed *sua sponte* if there is equity shown.

A vendor's lien is a right which the law by implication accords to the grantor of land, who has conveyed the title and reserved no express lien and has taken no security for the purchase money other than the personal obligation of the grantee, to subject the land in equity to the payment of the unpaid purchase price. A subsequent purchaser with notice of a vendor's implied lien.

takes the land subject to the prior equity of the original vendor. Bowen v. Grace, 64 Fla. 28 59 South. Rep. 563; Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272.

Where by direction of the purchaser of land the title thereto is conveyed to another, the vendor's lien for the purchase money by implication of law attaches to and follows the land in the hands of the grantee, without any special agreement for its retention, and binds the land as if it were conveyed to the person who undertakes to pay the purchase money. See 29 Am. & Eng. Ency. Law, p. 746; Crampton v. Price, 83 Ala. 246, 3 South. Rep. 519; Beal v. Harrington, 116 Ill. 113, 4 N. E. Rep. 664.

It appears from the allegations of the bill of complaint that Coalson negotiated for a purchase of the property, that J. L. Bass was interested in the purchase, and that at the direction of J. L. Bass and S. P. Coalson the purchasers, the title was conveyed to Bernard C. Bass. J. L. Bass, and Coalson are not alleged to have acted as the agents of Bernard C. Bass and to have given their notes for a purchase made by or for Bernard C. Bass. The purchasers, J. L. Bass and S. P. Coalson, directed that the title to the land purchased by them be put in the name of Bernard C. Bass. Under these circumstances the implied lien in favor of the vendor attached to and follows the land in the hands of the grantee designated by the purchasers. Beal v. Harrington, *supra.*

A vendor having an implied lien for unpaid purchase money may enforce it against a subsequent purchaser without notice of the lien to the extent of the purchase price unpaid by him, at the time he receives notice of the vendor's claim. Higgins v. Kendall, 73 Ind. 522; McCarty v. Pruett, 4 Ind. 226.

This latter rule may be safely applied at least to the

extent of requiring the part of the purchase price unpaid by the last purchaser to be applied in discharging the unpaid balance due to the original vendor who had an implied lien, where there are no countervailing equities.

There appears to be equity in the bill of complaint, and the decree dismissing it is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.