The appellee, who is the assignee "without recourse" of a real estate mortgage executed by one Donella Proctor, filed his amended bill of complaint in the Circuit Court of Hernando County for the foreclosure of same, the appellants *Page 1183 
being therein named as parties defendant. In addition to the usual allegations in such cases, the bill further alleges that Donella Proctor by warranty deed conveyed the property in question to "Frederick E. Lewis, Trustee," wherein and whereby the said Lewis, Trustee, assumed and agreed to pay the notes secured by the said mortgage; that the said grantee and John Drew purchased the said land as a joint adventure or partnership, doing business in the name of Frederick E. Lewis, Trustee, and that the said grantee in so purchasing the said land and in assuming and agreeing to pay the said notes was acting for the said joint adventurers or partners and that the assumption to pay said notes was made as part of the consideration for the purchase price of said land and due credit upon the agreed purchase price was taken by the said Lewis and the said Drew for the amount represented by the said notes, and that they are jointly and severally liable for the payment of the sums represented by said notes. It is further shown that the appellants Lewis and Drew entered into an agreement in writing wherein it was stipulated and agreed that the said land should be purchased by them and title thereto taken in the name of Lewis, Trustee, for the convenience of handling, selling and disposing of same; that they should contribute equally toward the purchase price thereof; share equally in the net proceeds from the sale of same, and contribute equally to the payment of all outstanding obligations against said property which should fall due prior to the sale thereof. The bill contains a prayer for the foreclosure of the mortgage and for general relief.
The defendant John Drew filed a separate demurrer to the bill, based upon the grounds that he was improperly joined as defendant; that the assumption of Frederick E. Lewis, trustee, to pay the notes sued on was in contravention of the statute of frauds; that no liability *Page 1184 
attaches to said defendant by reason of the giving of a second mortgage by Lewis, Trustee, and the acceptance of the deed of conveyance, and that the allegations of the bill fail to connect said defendant with the transaction.
This demurrer was overruled by the court and the defendant Drew then answered the bill. The said answer makes denial of the material allegations of the bill that seek to connect the said defendant with the deal and further avers:
 "That in accepting the said assignment without recourse that the said complainant thereby accepted the mortgage on the real estate described in the amended bill of complaint as the sole security for said indebtedness."
The complainant, W. D. Hearne, moved the court to strike the quoted portion of the answer upon the grounds that it states a conclusion of law and is wholly immaterial and irrelevant. This motion was granted by the court, and the case is now here upon appeal from the order overruling the demurrer and granting the motion to strike said portion of the answer.
In Slottow v. Hull Inv. Co., 100 Fla. 244, 129 So. R. 577, 579, the Court says:
 "It is now well established that a grantee who purchases mortgaged land from the mortgagor and assumes and agrees to pay the mortgage thereon, becomes as to the mortgagor, the principal debtor, and the mortgagor a surety. Brownson v. Hannah, 93 Fla. 223, 111 So. R. 731, 51 A. L. R. 976; Ackley v. Noggle, 97 Fla. 640, 121 So. R. 882; 2 Jones on Mortgages (8th Ed.), Sec. 920. See also note 21 A.L.R. 504. *Page 1185 
 "There is, however, a marked diversity of judicial opinion as to the effect upon the rights of the mortgagee of the relation thus created between the mortgagor and his grantee. By some courts it is held that the relation is binding upon the mortgagee from its inception. Other courts take the view that the mortgagee is not affected in any event, even though the latter disregards the mortgagor in subsequent dealings with the grantee.
 "The doctrine which commends itself to us as sanctioned by reason, as well as by the present weight of authority, lies between the two extremes just stated. For one reason or another, the courts are gradually uniting upon the doctrine, which we here adopt, that the relation of principal and surety between the mortgagor and his grantee, created in the manner above stated, does not in and of itself involve the mortgagee in its legal effects. His rights remain unchanged, unless by his voluntary agreement, or by his dealings with the grantee, the mortgagee in effect accepts the grantee alone as the principal debtor or estops himself to further assert a personal liability against the mortgagor. Until the mortgagee thus recognizes the grantee alone as the principal debtor, the mortgagee may treat both the mortgagor and the latter's grantee as principal debtors, and may have a personal decree against both or either, the obligation of the grantee being an additional obligation of which the mortgagee may avail himself or not, at his election. The mortgagee may sue the mortgagor, alone, or may accept the grantee's assumption of the debt and may bring his action against the latter."
In Ackley v. Noggle, 97 Fla. 640, 642, 121 So. R. 882, the Court said: *Page 1186 
 "It may be assumed to be settled in this State that when a deed contains a covenant by the grantee assuming and agreeing to pay a mortgage on the land and the deed is accepted by him, he obligates himself to pay the mortgage debt as conclusively as if he had signed a written agreement to that effect as a part of the consideration to be paid for the lands conveyed and also that by the assumption by the grantee in a deed of a mortgage indebtedness the grantee thereby becomes the primary obligor of the debt." See also 19 R. C. L. 374-6 and Vol. 6, Permanent Supplement to R. C. L.
In making Drew a party defendant to the suit, the complainant, appellee herein, evidently intended to put himself in a position to obtain a deficiency decree against both Lewis and Drew in the event the property, upon sale, should not bring enough to satisfy his demand. Therefore, in disposing of the appeal from the order overruling the demurrer, it devolves upon us to determine whether liability has been shown upon the part of appellant, John Drew. It is the theory of appellee that Lewis and Drew were joint adventurers or partners in the deal and that when title to the property was taken by Frederick E. Lewis, trustee, by a conveyance in which it was stated that he agreed to assume and pay the indebtedness secured by the mortgage, then upon the property, it was just as binding upon Drew as upon Lewis.
A joint adventure has been defined as a special combination of two or more persons, where in some specific venture, a profit is jointly sought without any actual partnership or corporate designation; as an association of two or more persons to carry out a single business enterprise for profit; as a limited partnership, not in a statutory sense as to liability, but as to its scope and duration; and as a *Page 1187 
joint undertaking for the mutual benefit or pleasure of the parties. See Annotations 63 A. L. R. 910 and 48 A. L. R. 1055. See also 33 C. J. 841; 15 R. C. L. 500.
In this case it is alleged that Lewis and Drew agreed in writing to buy the land in question and for convenience in handling, selling and disposing of same to take title in the name of Frederick E. Lewis, trustee; each to contribute equally towards the purchase price and in the payment of all outstanding obligations against the property which should fall due prior to its sale, and share equally in the net proceeds received from the sale of same. Upon the admissions of the demurrer, Lewis and Drew are shown to be joint adventurers in the purchase of property.
The relation of joint adventurers is quite similar to that of partnership, and is governed by the principles which constitute and control the law of partnership. 15 R. C. L. 500.
As respects the character of the business undertaken the principal difference between a partnership and a joint adventure is that the former term is generally used to characterize a general and continuing joint venture, while the latter term usually, though not necessarily, designates a single joint venture consisting of one transaction. 15 R. C. L. 500; 33 C. J. 842. See also notes 63 A. L. R. 912, and 48 A.L.R. 1060.
As to the power of a joint adventurer to bind his associates in a joint enterprise, the authors of Ruling Case Law (Vol. 15, page 505) states the general rule to be as follows:
 "Each one of several joint adventurers has power to bind the others in matters which are strictly within the scope of the joint enterprise."
This is also the rule that is applied to each member of a partnership (47 C. J. 845; 20 R. C. L. 884); it being in *Page 1188 
effect a contract of mutual agency, each partner acting as a principal in his own behalf and as agent for his co-partners. 47 C. J. 826; 20 R. C. L. 882-3.
We have seen that the relation of joint adventurers is governed by the principles which constitute and control the law of partnership. Under the law governing transactions between partners and third persons, an undiscovered or dormant partner may be held liable after he is discovered, although the third party at the time of the transaction supposed that he was dealing with the ostensible partner as an individual. 47 C. J. 900.
Where real estate is acquired in a partnership business, and for partnership purposes, it will be treated as partnership property, though the legal title be taken in the name of one of the partners or in the name of a stranger. 20 R. C. L. 859 and 860; Shanks v. Klein, 104 U.S. 18, 26 L.Ed. 635; Goldthwaite v. Janney, 102 Ala. 431, 15 So. R. 560, 48 A. S. R. 56, 28 L.R.A. 161; Fountain v. Menard, 53 Minn. 443, 55 N.W. R. 601, 39 A.S.R. 617; Jarvis v. Brooks 27 N.H. 37, 59 Am. Dec. 359; Moreau v. Saffarans, 3 Sneed (Tenn.) 595, 67 Am. Dec. 582; Sieg v. Greene, 225 Fed.R. 955, Ann. Cas. 1917 C, 1006.
In Bond v. O'Donnell, 205 Ia. 902, 218 N.W. R. 898, 63 A.L.R. 901, a case where one acting for himself and others purchased a farm, taking title in his own name, and giving back a purchase money note and mortgage for a part of the purchase price, the court held that the purchasers were joint adventurers; that in negotiating the trade and taking title in his own name, he bound each member of the organization for the purchase price, under the doctrine of agency; that all of the group were in the transaction and responsible; and that those not signing the papers were personally liable for a deficiency upon foreclosure of the mortgage. See Annotation following the report of this *Page 1189 
case in 63 A. L. R. 915, under the caption "Agreements Relating to Real Property;" Also Annotation in 48 A. L. R. 1064.
The only authority cited by appellants in their brief to support their contention that the defendant Drew is not bound by the provision of the deed relating to the assumption of the mortgage in suit, is 33 C. J. 872, and the whole of the paragraph there referred to was not quoted. The paragraph reads as follows:
 "One who is a member of a joint adventure but who is unknown to be such at the time by a third person who enters into a contract with another member individually is not rendered liable to such third person for services rendered under such contract, or for damages for the breach thereof, by the fact that the contract relates to the business of the joint adventure if the contracting member in making such contract exceeded his authority and had no power to bind his associates thereby."
From this authority, the inference is irresistible that if Lewis, in taking a deed to Frederick E. Lewis, trustee, did not exceed his authority, Drew, his joint adventurer, is liable. This we believe to be the correct rule. See Humphrey v. Bussey,98 Fla. 1249, 128 So. R. 841.
Referring now to the matter sought to be stricken from the answer by the motion, the ruling upon which is assigned as error; this portion of the answer states a conclusion of the pleader and presents a question which might have been assigned as a ground of demurrer to the bill of complaint. Appellants in their brief make no effort to show wherein the stricken portion has any bearing upon the subject-matter in controversy, nor have they cited any authority to sustain the theory that the assignment of *Page 1190 
the notes and the mortgage securing same released either the maker of the notes, or the mortgagor's grantee who assumed the payment of the same in such manner as to bind him; nor have they shown that by reason of such assignment the appellee must look solely to the mortgage lien to satisfy his claim.
The general rule is that the assignee of a mortgage is invested with the powers and interests of the mortgagee as fully as if he had been named such in the mortgage. 19 R. C. L. 352.
Whatever may be the effect of the assignment of the mortgage and the notes secured by same on the liability or non-liability of the assignor, or original mortgagee, such assignment does not release from liability the mortgagor or others that are primarily liable for the payment of the debt.
It is contended by appellants that the stricken portion of the answer does not attempt to set up an affirmative defense and that it should not have been stricken under the provisions of Section 4908 (3122) Comp. Gen. Laws of Florida, 1927. We fail to see its materiality as an affirmative defense, and we fail to see that it is in aid of anything that is set up by way of defense. This Court recognizes the rule that the chancellor has power of his own motion to purge the pleadings of prolixity, tautology, scandal and impertinence, and has held that if the chancellor has the power of his own motion to strike from an answer portions held to be wholly immaterial, "he cannot be held in error for striking them upon motion of counsel, even though an exception in lieu of the motion might have been the better practice; but a motion may be treated as an exception, courts being more concerned about substance than about form." Busch v. Baker, 79 Fla. 113, 83 So. R. 704. *Page 1191 
It follows that the court committed no error in overruling the demurrer or in sustaining the motion to strike. The said orders are affirmed and the cause remanded for further proceedings.