ALABAMA-FLORIDA CO. v. H. MAYS, *et al.*

149 So. 61.
Opinion Filed June 15, 1933.

*J. O'Dell Gregory,* of Elkins, West Virginia, *P. A. Naylor* and *A. M. Baker,* Attorneys for Appellant;

*Raney, Raney & Wanamaker, Hampton, Bull & Crom* and *W. H. Hollman,* Attorneys for Appellee.

GEORGE W. TEDDER, Circuit Judge.—The complainant below, appellant here, brought a suit in equity against the defendants to have declared and enforced an alleged lien on an undivided one-half interest in certain lots in Sebring. From an order sustaining the demurrer to the bill of complaint, and from an order sustaining the demurrer to the amended bill of complaint and dismissing the bill as to one of the defendants, complainant appeals.

The amended bill of complaint alleges in substance that on March 1, 1925, Basil Bowden and B. O. Bowden executed five notes aggregating $9000.00, and to secure the payment thereof also executed a mortgage, which was duly recorded, on sixteen lots in Sebring to Sebring Real Estate Company, a corporation. The first three notes were paid before the institution of this suit. Part was paid on the fourth and fifth notes which together with the mortgage by separate several assignments came into possession of complainant. On October 27, 1925, B. O. Bowden, joined by his wife, conveyed by warranty deed to Bryant Bowden an undivided one-half interest in the above mentioned sixteen lots and also by the same deed conveyed an undivided one-half interest in twenty-seven other lots in Sebring, which deed was duly recorded. The deed contained the following clause: "It is distinctly understood and agreed that the purchaser herein assumes & agrees to pay off note and mtg. to Minnie A. Sumner & husband and note and mtg. to Sebring Real Estate Company, a corp. executed by first parties hereto & as now of record." It is alleged that the note to the Sumners has been paid.

It is further alleged in the bill that on November 13, 1926, Bryant Bowden conveyed sixteen of the last mentioned twenty-seven lots by quit-claim deed to J. C. Sumner and Minnie Sumner, his wife, who, by warranty deed conveyed the same sixteen lots to H. Mays, on May 3, 1927. Mays and wife executed a mortgage on these lots to John G. Mackey, who, on November 1, 1930, assigned said mortgage to Hunter Henderson, as liquidator of the Bank of Ybor City, as additional security on a prior indebtedness. The sixteen lots mentioned in this paragraph are the lots involved in this proceeding, but were not included in the mortgage to Sebring Real Estate Company. It is also to be noted that none of the grantees in the deeds conveying

title to these lots subsequent to Bryant Bowden are alleged to have assumed the payment of said mortgage. However, it is alleged that each of said grantees had full knowledge of the assumption by Bryant Bowden of the said mortgage debt.

On February 17, 1931, complainant, the assignee of the mortgage and the last two notes executed by the Bowdens to Sebring Real Estate Company, filed suit, claiming a lien was created upon the undivided one-half interest in the last mentioned sixteen lots by reason of the contract of Bryant Bowden by which he assumed and agreed to pay the mortgage debt as a part of the purchase price of the undivided one-half interest in all of the lots conveyed. Defendant, Henderson, demurred to the bill and the demurrer was sustained. An amendment to the bill was filed, and the defendant demurred to the bill as amended. This demurrer was also sustained and the bill dismissed as to said defendant.

The claim of the complainant as disclosed by the pleadings is apparently grounded upon two theories:

(1) That a vendor's lien exists on all the lots conveyed for the amount unpaid on the purchase price; that this lien inured to the benefit of the mortgagee as a result of the contract of assumption by the vendee of the mortgage debt; that the mortgagee may enforce a vendor's lien on lots not included in the mortgage against a subsequent purchaser, who did not assume the mortgage debt, with notice of such lien; and, that the assignee succeeds to all the rights which were available to the mortgagee.

(2) That the lien created by the contract of assumption of the mortgage debt by the first vendee, said mortgage debt being the amount unpaid on the purchase price of all the property conveyed, is a security in the nature of a mortgage, and is in effect an equitable mortgage which may be en-

forced by the assignee of the original mortgage against lots not included in said mortgage, which lots are now owned by a subsequent grantee who did not assume the mortgage debt.

The case was apparently heard in the lower court upon the first theory only, but the latter is most earnestly contended for by appellant.

It may be said at the outset that a mere contract of assumption of a mortgage debt does not have the effect of spreading, enlarging or expanding the mortgage lien to other property of the new debtor. Mississippi Valley Trust Co. v. Southern Trust Co., 261 Fed. 765; Abell v. Coons, 7 Cal. 105, 68 Am. Dec. 229; Jones on Mortgages (8th Ed.), Vol. 2, p. 299; 41 C. J. 731. Therefore, if complainant can succeed in this proceeding, the lien must arise from the effect of the assumption agreement upon the vendor's lien on all the lots conveyed for that part of the unpaid purchase price represented by the mortgage debt assumed; or, as contended by complainant, the contract of assumption created a lien in the nature of an equitable mortgage, which lien attached not only to the lots encumbered by the mortgage but to lots not so included.

Upon the question of the right of the assignee of a mortgage to proceed against the vendee, who assumed and agreed to pay the mortgage debt, and subsequent grantees with notice, there is a great diversity of opinion among the courts. As was said by Mr. Justice Gray in the case of Union Mutual Life Insurance Company v. Hanford, 143 U. S. 187, 12 S. Ct. 437, 36 L. Ed. 118: "Few things have been the subject of more difference of opinion and conflict of decision than the nature and extent of the right of a mortgagee of real estate against a subsequent grantee who by the terms of the conveyance to him agrees to assume and pay the mortgage."

It is well settled in this State that when a mortgagor conveys the mortgaged premises to one who assumes the mortgage, as between the vendor and vendee, the purchaser is the principal debtor and the mortgagor or grantee is in the position of a surety, and where successive grantees of the mortgaged premises have assumed the mortgage debt thereon, each becomes liable to the mortgagor and also to the mortgagee. This liability of the grantee arises from his acceptance of the deed poll with knowledge of a recital therein that he assumes an indebtedness against the property, and he is as effectually bound as if it were a contract executed under his own hand and seal. Brownson v. Hannah, 93 Fla. 223, 111 So. 731; Ackley v. Noggle, 97 Fla. 640, 121 So. 882; 2 Jones on Mortgages (8th Ed.), Sec. 920; Berns v. Harrison, 100 Fla. 1105, 137 So. 238; Proctor v. Hearne, 100 Fla. 1180, 131 So. 173.

But the relation thus created does not in itself involve the mortgagee in its legal effects. He may treat both the mortgagor and each successive grantee who assumes the payment of the mortgage debt as principal debtors, or he may proceed against one or more of them, and to the exclusion of the others, either in an action at law or by a proceeding in equity, and may have a personal decree against either or all of the defendants. Slottow v. Hull Investment Co., 100 Fla. 224, 129 So. 577; Proctor v. Hearne, *supra;* Whitfield v. Webb, 100 Fla. 1619, 131 So. 786; Inman v. Bailey, 140 So. 783; Hardee v. Bennett, 140 So. 906.

"In this jurisdiction, the rule does not rest upon the equitable doctrine of subrogation, as is the case in some jurisdictions. See Keller v. Ashford, 133 U. S. 610, 33 L. Ed. 667. The ground of the grantee's liability adopted by this Court is that of contract, an application of the now prevailing American doctrine that the grantee's assumption

of the mortgage debt is a contract made and intended by the formal parties thereto, not alone for their own benefit, but also for the direct benefit of a third party, the mortgagee, who may sue upon it at law as the real party in interest (see Sec. 4201 Com. Gen. Laws, 1927) even though the agreement to assume is contained in an instrument under seal." Whitfield v. Webb, *supra* (text 1623, and cases there cited).

In some jurisdictions where the equitable doctrine of subrogation prevails it has been held that the equity on which the relief of the mortgage depends is the right of the mortgagor against his vendee, to which he is permitted to succeed by substituting himself in the place of the mortgagor. Crowell v. Hospital of St. Barnabas, 27 N. J. Eq. 650; Federal Land Bank v. Davis, 295 P. 253; Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667; Binns v. Baumgartner, 146 A. 879. But in the case of Slottow v. Hull Inv. Co., *supra,* we held that the right of the mortgagee to proceed against the vendee who had assumed and agreed to pay the mortgage debt is cumulative, rather than substitutional.

It is not necessary that the assumption agreement be incorporated in the deed of conveyance where the debt assumed represents a part of the consideration of purchase of the property concerned, or even that it should be in writing, a parol agreement by the grantee at the time of the taking of the deed being sufficient. Enns-Halbe Co. v. Templeton, 135 So. 135. It was also held in the same case that where the right of the mortgagee to recover is referred to the right of a third person to sue on a contract for his benefit the circumstances that the grantor in the deed to the defendant vendee is not himself obligated to pay the debt is immaterial, and does not relieve the grantee from liability on his contract of assumption. See 19 R. C. L. 377, and 41 C. J. 747,

and cases cited in the notes. However, in the case now before us for consideration the transcript fails to show that the mortgage debt represented a part of the purchase price of the land conveyed to the defendant Mays.

It is conceded that where a grantee takes a conveyance subject to a mortgage he will be presumed to have included the mortgage debt in the purchase price. Pomeroy Eq. Jur. (3rd Ed.), Vol. 3, Sec. 1205; Shuler v. Hardin, 25 Ind. Rep. 386; McDonald v. Finseth, 155 N. W. 863.

The general rule is that the assignee of a mortgage is invested with the powers and interests of the mortgagee as fully as if he had been named such in the mortgage. 19 R. C. L. 352; Proctor v. Hearne, *supra;* Whitfield v. Webb, *supra.* "He has the same rights as his assignor against subsequent purchasers from the mortgagor who have assumed the mortgage debt. Generally speaking, however, the assignee succeeds to no greater rights than those possessed by his assignor." 19 R. C. L. 353. In the case of Proctor v. Hearne, *supra,* complainant, the assignee of the mortgage, brought suit to foreclose the mortgage against the mortgagor and his vendees who assumed and agreed to pay the mortgage debt. The case of Whitfield v. Webb, *supra,* is an action on the covenant of assumption brought against the second subsequent grantee, who assumed the mortgage debt, by the endorsee of the notes representing a portion of the purchase price of the realty. In the respects above noted these two cases differ from the instant case.

But we are not dealing here with a defendant who is personally liable, for he did not assume and agree to pay the mortgage debt, nor is this a foreclosure of a mortgage covering the realty involved. Complainant, as assignee, cannot maintain a suit to foreclose a mortgage, for the lands are not encumbered by the mortgage and the lien of the mortgage does not extend to lands not included therein. A

suit cannot be brought on a contract of assumption, for there is no express agreement on the part of defendant grantee whereby the mortgage debt was assumed.

"The grantee of land which is subject to a mortgage assumes no personal liability for the obligation secured by the mortgage where he has not by express agreement undertaken the payment thereof. He is liable neither legally nor equitably to indemnify his grantor against the mortgage, and he cannot be compelled to pay the mortgage debt by the mortgagee. * * * Nor is the rule generally altered by the circumstance that the owner conveys subject to a mortgage, and deducts the amount thereof from the consideration." 19 R. C. L. 372.

"A statement in a deed that it is subject to a specified mortgage does not alone make the grantee personally liable for the payment of the mortgage debt. Such a stipulation does not with suffiicient clearness import an intention by the grantor to create, and by the grantee to assume, a personal obligation to pay the mortgage debt." 19 R. C. L. 381.

Since complainant has no rights under the assumption agreement alone which can be enforced against the lands involved in a proceeding in equity, does a vendor's lien exist on all the lands conveyed which may be enforced by the complainant assignee of the mortgage by virtue of the contract of assumption which inured to the benefit of the mortgagee?

The authorities are in almost hopeless conflict upon the question of rights arising under a vendor's lien. As was said in the case of Hammond v. Payton, 27 N. W. 72: "There is, perhaps, no subject of equity jurisprudence discussed in the books upon which there is a greater diversity of opinion than exists in relation to the origin, nature, and effect of a vendor's lien, against whom, and in whose favor

it avails, and how it may be discharged or waived." This conflict, however, may be traced in part to the failure to observe the distinction between the lien implied by law in favor of the vendor who has parted with the legal title and has taken no seucrity for the unpaid purchase money, other than the personal obligation of the vendee, and the lien which the vendor has while he holds the legal title under an unexecuted contract for the conveyance of land upon the payment of the purchase price, and the lien for the purchase money expressly reserved by the vendor in his deed.

The first, the implied lien, is properly known as a vendor's lien. It is a creature of courts of equity, founded upon the equitable presumption that where the vendor has parted with his title and taken no seucrity for the payment of the purchase money the purchaser ought not in conscience be allowed to keep it without paying the consideration. The lien thus created is not a specific, absolute charge upon the property, but only an equitable right of the vendor to resort to the property in case the purchase money is not paid. Such a lien is not the result of an agreement between the vendor and vendee, and is simply an equity raised by the courts for the benefit of the former. Johnson v McKinnon, 45 Fla. 388, 34 So. 272; McKeown v. Collins, 38 Fla. 276, 21 So. 103; McKinnon v. Johnson, 54 Fla. 538, 45 So. 431; Shaylor v. Cloud, 63 Fla. 599, 57 So. 666. The latter, the reserved lien, is the result of an express written contract or agreement between the vendor and vendee. It is a lien created by contract, and not by implication of law. "A lien created by an express written contract or agreement between the vendor and vendee is not a vendor's lien. It is a security more in the nature of a mortgage." McKeown v. Collins, *supra*. See also Johnson v. McKinnon, *supra;* Shaylor v. Cloud, *supra;* DeLong v. Marshall, 66 Fla. 410, 63 So.

723; Bowen v. Grace, 64 Fla. 28, 59 So. 563; Johns v. Seeley, 94 Fla. 851, 114 So. 452.

In most jurisdictions the right of a vendor to a vendor's implied lien is recognized and enforced. Where, as a part of the consideration for the sale, the purchaser assumes the payment of an encumbrance upon the land, and if the vendor is compelled to discharge such encumbrance, he may enforce a lien on the land to that extent. 39 Cyc. 1795, 1802. It has also been held that the vendor may enforce a lien when the purchaser fails to pay debts due by the vendor, which he has agreed to assume as a part of the consideration. 39 Cyc. 1803. See also 27 R. C. L. 583, 584, where it is said:

"While ordinarily the lien is restricted to the grantor, and does not arise in favor of third persons not parties to the transaction, it may arise in favor of a third person who may be said to be practically though not actually a vendor. Thus where by agreement between the grantor and grantee the purchase money is to be paid to a third person, according to the general view, a lien may arise in favor of such third person; and while the mere fact that one is a creditor of a vendor may not entitle him to enforce the vendor's lien, it is generally held that if a part of the consideration is the assumption and payment by the purchaser of an indebtedness owing by the vendor to a third person, the latter may enforce a vendor's lien for the amount of his claim. * * * And where the agreement of the purchaser is to assume and pay as a part of the consideration an indebtedness secured by a mortgage on the land or a part of the land conveyed, the mortgagee has been permitted to enforce a vendor's lien on the entire tract for the amount of his claim."

It is also the general rule that the vendor's implied lien will be enforced against subsequent purchasers who take a conveyance from the original purchaser with notice of the

lien before he has himself paid the purchase money, as a purchaser of the legal title takes subject to outstanding equities unless he occupies the position of a purchaser for value and without notice. 27 R. C. L. 590, 39 Cyc. 1851; Johnson v. McKinnon, *supra;* Bowen v. Grace, *supra;* Delong v. Marshall, *supra;* Brownlow v. Harrison, 135 So. 848.

We assume, but do not decide, that the mortgagee, by accepting the benefits of the contract of assumption, stands in the place of the mortgagor, succeeds to all the rights of the vendor, and may enforce such rights against a subsequent purchaser with notice of the vendor's lien existing upon the premises. But the mortgagee has no greater or other equity, and succeeds to such rights only as the mortgagor may have had. The question then arises, and which we must decide is: Does the assignee of the mortgage succeed to the rights which we have assumed the mortgagee had?

In the United States the weight of authority is to the effect that the vendor's implied lien is regarded as personal to the vendor and is not assignable, even by express contract between the vendor and vendee. 39 Cyc. 1808; 27 R. C. L. 585; McKeown v. Collins, *supra;* 29 American & English Encyc. of Law, 750. 6 Thompson on Real Property, 37. Such lien can only be enforced by the vendor himself. This is an established rule of equity in some States, and in jurisdictions where this rule prevails it is an insuperable obstacle to the enforcement of a vendor's lien by an assignee. See Lehndorf v. Cope, 122 Ill. 317, 13 N. E. 505, and cases there cited. However, where the lien is reserved in the deed, and where the title remains in the vendor as security for the payment of the purchase money, the lien is assignable. Aycock Bros. v. First National Bank of Dothan, 54 Fla. 604, 45 So. 501.

The precise question here raised has never been presented to us before for determination, and a careful search of the authorities discloses but few cases in the books which are at all in point. Appellant has cited the case of Nix v. Albert Pick & Co., 203 S. W. 1112, in which it was held that the vendor as against the vendee was entitled to a vendor's lien on a lot not encumbered by the mortgage, which mortgage debt the vendee had assumed as a protection to the vendor. The vendor by his answer in a suit to foreclose the mortgage claimed a lien upon all the premises conveyed for the payment of the mortgage debt assumed and his claim was allowed by the court.

In the early cases of Scionneaux v. Waguespack, 32 La. Ann. 283, Conte v. Cain, 33 La. Ann. 965, Citizens Bank of Louisiana v. Curry & Clement, 35 La. Ann. 360, and Lee v. Newman, 55 Miss. 365, it was held that when property, part of which is subject to a mortgage, is sold and the vendee and subsequent purchasers as a part of the purchase price assume the payment of the mortgage debt, the mortgage debt is secured by a vendor's lien on the whole property sold, including lands not encumbered by the mortgage, and the mortgagee may enforce such lien. The case of West Plains Bank v. Edwards, 84 Mo. App. 462, is also authority for the holding that the assignee of the mortgage may enforce such lien. In the case of Emley v. Mount, 32 N. J. Eq. 470, a contrary view is expressed.

It is to be noted that neither of the above cases is exactly analogous to the case now under consideration. In each of them the vendee and subsequent grantees assumed and agreed to pay the mortgage debt, and thus each grantee became personally liable for the debt assumed, but in the case at bar the only person obligated for the debt is the first vendee. It is also to be noted that the West Plains Bank case is the only one in which the assignee claims the right

to enforce the vendor's lien on land not included in the mortgage. This is a case from Missouri, where the assignability of implied vendor's lien is recognized (see 39 Cyc. 1808, note 66), but in Florida the rule is different, such lien being regarded as personal and not assignable. McKeown v. Collins, *supra* (text 287).

Even if we assume that the mortgagee by reason of the contract of assumption succeeds to the right of the vendor to enforce an implied lien on all the lands conveyed and that subsequent grantees are purchasers with notice because of the assumption clause in the recorded deed of conveyance, it is our conclusion that complainant as assignee of the mortgage debt, cannot enforce a vendor's lien on the land involved, for such lien is not assignable.

The right, if any, of the mortgagee was the right which was available to the vendor, the right to enforce a vendor's lien upon all the lands conveyed. The mortgagee may have succeeded to this right as the result of a contract of assumption to which the mortgagee was not a party. The vendor could not assign his lien even by express contract between him and his assignee, and we see no good reason why the mortgagee should be permitted to do so. The process by which the mortgagee perchance became vested with a lien upon land not encumbered by the mortgage in no way changed the character of the lien or enlarged the powers of the successor to the benefits thereof so as to make assignable that which could not be assigned before.

Appellant next contends that this proceeding is brought to enforce a lien upon lands not encumbered by the mortgage under a lien created by the contract of assumption of the mortgage debt which assumed mortgage debt was a part of the purchase price of said lands; that such lien was a security in the nature of a mortgage; that the contract of assumption was in its legal effect an equitable mortgage;

and that such equitable mortgage was alien upon all the lands conveyed. We are unable to agree with this contention. The following cases were cited in support of appellant's argument: McKeown v. Collins, *supra;* Wilson v. Davis, 80 Fla. 727, 86 So. 686, and Holmes v. Dunning, 133 So. 557. Neither of these is in point. In the first case the lien on the land conveyed was reserved in the note given for that part of the purchase price which was unpaid, and in the second case the lien to secure the payment of the purchase money was reserved in the deed of conveyance. In each case we held that the reserved lien was one created by contract and was a security in the nature of a mortgage. In the Holmes case the mortgage and note were defective for want of a proper party as mortgagee, but we said the transaction constituted an equitable mortgage, though the written instrument relied upon might not be held in a court of law to be a valid mortgage, and cited the case of Dulaney v. Willis, 95 Va. 606, 29 S. E. 324, 64 Am. St. Rep. 815, where it was held:

"An equitable mortgage arises whenever a writing shows a clear argument to make some particular property security for the debt or obligation mentioned therein."

No such agreement appears in the contract of assumption here. It is true the covenant provides that the vendee shall pay the mortgage debt due a third party, the mortgagee, and the grantee will be presumed to have included the mortgage debt in the purchase price, but the parties to the deed by the contract of assumption do not expressly declare their intention to create a lien by way of a mortgage upon any of the real estate conveyed. Nor can such an intent to do so be gathered from the contract itself. The vendor had the right to enforce upon the property sold such conditions as he chose. He could have required that a mortgage be executed on a part or all the land for the unpaid purchase

money, or he could have expressly reserved in the deed a lien on the lots conveyed, and when so expressed in the conveyance, the property would be charged with a lien which the mortgagee or his assignee could enforce. But this was not done, nor can we say that the contract expressed in the deed is fairly open to the construction that such was the intent of the parties.

Other questions are raised by the pleadings, but since we hold that complainant has no cause of action against the defendants in this proceeding, it is not necessary to discuss them.

Having found no error in the decree of the Chancellor sustaining the demurrer to the bill of complaint, nor in the decree sustaining the demurrer to and dismissing the amended bill of complaint, the same should be affirmed.

Affirmed.

DAVIS, C. J., WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.