SHANNON, Chief Judge.
This is an appeal from a summary final decree of foreclosure in favor of Elmer E. Green and Jeanne H. Green, his wife, defendant-counterplaintiffs, herein called the appellees. The appellant-plaintiff is Atlantic Federal Savings and Loan Association of Fort Lauderdale.
On or about the 14th day of February, 1958, the Greens and Kitimat Corporation, a Florida corporation, entered into an agreement to purchase. The Greens, at that time and at the time of the controversy, were living in their home, which is the subject matter of the foreclosure. Kitimat was building a co-operative apartment and had reached an understanding with the Greens whereby the latter would take one of their apartments when finished. The value of the Greens’ home was $59,000.00. In addition to this, the Greens had $14,000.00 in personal property in the home. Kitimat placed a value of $59,000.00 on their apartment. Kitimat in the agreement to purchase provided that the $14,000.00, for which they were going to give the Greens a second mortgage, would be subordinate and inferior to a first mortgage in the sum of $33,000.00 to appellant. The agreement also had in it a clause which reads: “The Purchasers do hereby reserve unto themselves possession of the afore-mentioned residence *721 until the delivery by the Seller of the subject apartment ready for occupancy. * * * ” It was also provided in this agreement that Kitimat would have issued to the Greens no later than January 1, 1959, a certificate of ownership in the co-operative apartment constituting title to the purchasers of the apartment. The Greens, simultaneously with the agreement of February 14, 1958, conveyed by warranty deed and bill of sale, executed on the same date, the real estate and personal property. At the same time Kitimat gave a mortgage on the real estate it had obtained from the Greens to Atlantic Federal Savings and Loan Association of Fort Lauderdale in the amount of $33,000.00. The attorney who represented Kitimat in the Green transaction represented appellant in its mortgage from Kitimat. Kitimat subsequently defaulted on its mortgage to Atlantic and this foreclosure suit ensued. The chancellor in his final decree of foreclosure held that the equities were with the Greens on the final motion for summary final decree and granted same, and in so doing said:
“The counterclaimants and cross-claimants, ELMER E. GREEN and JEANNE H. GREEN, his wife, have a valid and existing equitable mortgage lien in the amount of FIFTY NINE THOUSAND ($59,000.00) DOLLARS, against the following described property:”
In the briefs and arguments from the respective parties there is much discussion whether under the facts in this case the summary final decree properly found the Greens to have an equitable mortgage. The Greens counterclaimed in the alternative for either a vendor’s lien or for an equitable mortgage. The difference in the names of the two remedies sought can make no difference here if the conclusions of the chancellor are correct. In Carter v. Hector Supply Co., Fla.1961, 128 So.2d 390, the Supreme Court said:
“ * * * Although we have in some measure disagreed with the reasons announced by the court of appeal to support its judgment, we find that its ultimate conclusion is correct. Having determined that the reasons announced by the court of appeal to support its instant decision conflict with prior decisions of this Court on the same points of law, but finding that these erroneous reasons have nevertheless led the court of appeal to a correct disposition of the case, the judgment under review will not be disturbed * *
In support of the theory that this is an equitable mortgage see Holmes v. Dunning, 1931, 101 Fla. 55, 133 So. 557, where the Supreme Court said in quoting from a note in 64 Am.St.Rep. 818:
“ ‘A lien created by contract, and not sufficient as a legal mortgage, is generally regarded as in the nature of an equitable mortgage. The form of the contract is immaterial, provided the intent to create a security appears: ‡ * * >»
In further support of this principle, see Highland Crate Cooperative v. Guaranty Life Ins. Co. of Fla., 1944, 154 Fla. 332, 17 So.2d 515; and Alabama-Florida Co. v. Mays, 1933, 111 Fla. 100, 149 So. 61, 91 A.L.R. 139. The cases that are cited support a holding that the chancellor was correct in decreeing an equitable mortgage lien in the instant case, but since we could decide that it should have been more properly denominated a vendor’s lien, then the case of Alabama-Florida Co. v. Mays, supra, is also well in point, the court saying in that case:
“The first, the implied lien, is prop-perly known as a vendor’s lien. It is a creature of courts of equity, founded upon the equitable presumption that, where the vendor has parted with his title and taken no security for the payment of the purchase money, the purchaser ought not in conscience be allowed to keep it without paying the consideration. The lien thus created *722 is not a specific, absolute charge upon the property, but only an equitable right of the vendor to resort to the property in case the purchase money is not paid. Such a lien is not the result of an agreement between the vendor and vendee, and is simply an equity raised by the courts for the benefit of the former. * * * ”
See also McKeown v. Collins, 1896, 38 Fla. 276, 21 So. 103, where the Supreme Court of Florida states:
“A vendor’s lien after absolute conveyance is not a specific absolute charge upon the property, but only an equitable right of the vendor to resort to the property in case the purchase money is not paid.”
In its discussion of equitable liens in Phelps v. Higgins, Fla.App. 1960, 120 So.2d 633, this court described them as charges or encumbrances on the land and reiterated that "[ejquitable liens may arise, by operation of law from the conduct of the parties, from a variety of transactions to which equity will cause them to attach.” In Tucker v. Prevatt Builders, Inc., Fla.App. 1959, 116 So.2d 437, the court pointed out that the two sources from which equitable liens may arise are: 1) written contracts showing an intent to charge some particular property with a debt or obligation, and 2) when declared by an equity court out of general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case. See also the leading case of Jones v. Carpenter, 1925, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409.
The Greens were living in their home place at the time of the agreement, the mortgages and the commencement of this suit, under the following provision in their agreement with Kitimat:
“The Purchasers do hereby reserve unto themselves possession of the afore-mentioned residence until the delivery by the Seller of the subject apartment ready for occupancy. * * ”
Kitimat was unable to perform, and both Kitimat and Atlantic had notice of all matters pertaining thereto. From the particular facts and circumstances, the chancellor decreed and foreclosed an equitable mortgage lien in favor of the Greens. Based upon the foregoing authorities, we hold that his conclusions are correct.
The motion to strike portions of appellees’ brief filed herein by the appellant is hereby denied and, finding no error in the decree appealed, the same is affirmed.
ALLEN, J., and LOVE, WILLIAM K., Associate Judge, concur.