684 P.2d 1006

**ESTATES OF Lorraine SOMERS and Margaret Burns, and Charles H. Kimball, as Personal Representative, Plaintiff-Appellant,**

v.

**CLEARWATER POWER COMPANY, a Corporation, Defendant-Respondent.**

No. 14850.

Supreme Court of Idaho.

July 30, 1984.

Charles H. Kimball, William V. Brown, Coeur d'Alene, for plaintiff-appellant.

David R. Risley, John H. Bengtson, Lewiston, for defendant-respondent.

DONALDSON, Chief Justice.

On October 15, 1973, Raymond Barber and his wife, D. Jeanne Barber, entered into an unrecorded escrow contract to purchase certain real property from Mr. and Mrs. Chandler. On November 10, 1977, Mr. Barber (Barber) and his now ex-wife, D. Jeanne Gunn, executed a contract transferring all of their rights in the Barber/Chandler contract and in the real property itself, to respondent, Clearwater Power Company. Pursuant to the agreement, an assignment and a deed were executed. The deed was deposited in escrow to be delivered to Clearwater Power upon payment of the balance due on the Barber/Chandler contract. In addition to assuming all liability under the Barber/Chandler contract, Clearwater Power agreed to pay Barber $24,000. Payment to Barber was to take place when Barber surrendered possession of the real property to Clearwater Power. However, in no event was the surrender of possession to take place later than May 1, 1980.

On November 2, 1979, appellant Kimball, acting as personal representative of the estates of Lorraine Somers and Margaret Burns, obtained a judgment against Barber. In an attempt to recover on the judgment, Kimball served Clearwater Power with a Notice of Garnishment, a copy of a Writ of Execution, and Notice of Levy on November 26, 1979. Clearwater Power answered by stating that it did not then owe Barber any funds. Thereafter, on January 24, 1980, appellant again served Clearwater Power with Notice of Garnishment, Writ of Execution and Notice of Levy. Clearwater Power answered this garnishment by admitting that it then owed Barber $2,081.07 in interest. Clearwater Power thus presented the Nez Perce County sheriff with a check in that amount.

On April 28, 1980, between 3:00 and 4:00 p.m., Barber surrendered possession of the property to Clearwater Power. At that same time, Clearwater Power presented Barber with checks in the full amount owed to Barber. Approximately one hour later, Clearwater Power was again served with Notice of Garnishment, Writ of Execution, and a Notice of Levy by appellant. Clearwater Power responded that it no longer had any obligation to Barber.

Appellant Kimball did not object to Clearwater Power's answers to any of the Notices of Garnishment. Rather, Kimball filed suit against Clearwater Power on August 26, 1980 seeking a declaratory judgment. Appellant sought to have the district court declare that the estates possessed a lien on the real property based on their levying on Barber's interest in the property. Clearwater Power filed a motion for summary judgment, and after a hearing on the matter, the district court granted the motion. This appeal followed.

On appeal, appellant Kimball argues that as a result of the transaction between Barber and Clearwater Power, Barber possessed a vendor's lien pursuant to I.C. § 45–801,[1] because Barber retained no security for the unpaid purchase price other than Clearwater Power's promise to pay. Appellant continues that a vendor's lien is an interest in land which is only extinguished by payment of the unpaid balance of the purchase price. Appellant concludes that the estates succeeded to all right, title and interest which Barber had in the land, including his vendor's lien, as a result of the estates levying on all of Barber's rights in the real property pursuant to I.C. § 8–539. Therefore, it is appellant's position that Clearwater Power paid Barber at its own peril, and that the estates still possess a vendor's lien on the real property.

This appeal presents two major issues: (1) Did Barber obtain a vendor's lien when he transferred his rights in the Barber/Chandler contract and in the real property itself to Clearwater Power? (2) If so, did the estates obtain this vendor's lien by levying on all of Barber's rights in the real property? We refrain from expressing any opinion as to the first issue, because in our view even if Barber was in possession of a vendor's lien, the estates did not obtain that vendor's lien by levying on Barber's rights on the real property.

A "purchaser under an executory contract to purchase realty has no interest to which the lien of a judgment can attach, where he assigns his interest prior to the rendition of a judgment against him." 46 Am.Jur.2d *Judgments* § 272 (1969) (footnote omitted); *see also* 92 C.J.S. *Vendor & Purchaser* § 315 b. (1955). Furthermore, a vendor's lien is "not a specific and absolute charge on the realty but a mere equitable right to resort to it [*i.e.*, the property] on failure of payment by the vendee." *Mills v. Mills*, 147 Cal.App.2d 107, 305 P.2d 61, 68 (1956); *see also Atlantic Federal Savings & Loan Association v. Kitimat Corp.*, 143 So.2d 719 (Fla.Ct.App.1962). *See generally* 92 C.J.S. *Vendor & Purchaser* § 378 a. (1955); 51 Am.Jur.2d *Liens* § 2 (1970). Consequently, assuming arguendo that Barber did possess a vendor's

---

1. I.C. § 45–801 reads as follows:

"**45–801. Vendor's lien.**—One who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer."

lien, we hold that Barber possessed no interest which could be levied upon pursuant to I.C. § 8–539.[2]

Appellant asserts that our holding in *First Security Bank of Idaho v. Rogers*, 91 Idaho 654, 429 P.2d 386 (1967), is controlling in this case. In *Rogers*, we held that "a judgment lien against a vendor after the making of the contract of sale, but prior to making and delivery of the deed, extends to all of the vendor's interest remaining in the land and binds the land to the extent of the unpaid purchase price." *Id.* at 657, 429 P.2d at 389. However, *Rogers* is inapplicable because the vendor in *Rogers* held legal title to the real property when the judgment was entered against him. In the case at bar, Barber did not possess legal title when the judgment was entered, and in fact he never held legal title.

Therefore, we affirm the district court's granting of Clearwater Power's motion for summary judgment.

Costs on appeal to respondent.

No attorney fees on appeal.

BAKES and HUNTLEY, JJ., and TOWLES, J., pro tem, concur.

SHEPARD, J., dissents without opinion.

**2.** Our holding herein does not leave judgment creditors in situations such as this without a remedy; relief could be sought pursuant to I.C. §§ 11–504, 11–506 and –507.